■ CHERYL L. JOHNSTON, Appellant, v JOHN D. MARTIN et al., Respondents.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 4, 1991 in Ulster County, which, *inter alia,* directed partition and sale of certain real property owned by plaintiff and defendant John D. Martin as joint tenants.

In 1985, plaintiff and defendant John D. Martin (hereinafter defendant), who were never married to each other, purchased real property in the Town of Accord, Ulster County, on which there were two houses, the "big house" and the "small house", as joint tenants. Defendant Norma Martin (hereinafter Martin), who is defendant's mother, contributed $21,843.85 toward the down payment of $33,000 based on an understanding with plaintiff and defendant that she would live in the small house rent free for the remainder of her life. Thereafter, she contributed financially to improvements to the premises, including $9,900 to install vinyl siding on both houses. From the fall of 1985 until mid-May 1987, plaintiff and defendant lived together in the big house and Martin lived in the small house. On May 15, 1987, in response to plaintiff and defendant's increasingly troubled relationship, including an incident in which defendant was violent toward plaintiff, plaintiff moved out. Two weeks later, defendant informed plaintiff that he had

changed the locks on the big house and she has not lived on the premises since that time.

Thereafter, plaintiff commenced this partition action. Defendants answered and asserted counterclaims. Plaintiff replied and, following a nonjury trial, Supreme Court found as follows: that the fair market value of the premises was $122,500, that the mortgage existing at the time of trial was $27,850.88, that Martin was entitled to an equitable lien for her financial contributions to the down payment and vinyl siding installation in the amount of $31,743.85, that the remaining equity was $62,905.27, of which plaintiff and defendant each had a one-half interest or $31,452.63, and that plaintiff had voluntarily abandoned the premises and owed defendant $10,644.43 for the mortgage payments from the date of purchase to the date of trial, $5,933.58 for property taxes paid and repairs made during the same period, and $68.50 for homeowner's insurance. Plaintiff now appeals the resulting judgment insofar as it granted Martin an equitable lien in the amount of $31,743.85 and ordered defendant to pay plaintiff only $6,970.50 for her equity in the premises.

We concur in Supreme Court's finding that Martin has an equitable lien for her contribution toward the down payment and improvements. An equitable lien may be imposed on property where one in a confidential relationship with the owner has expended money for improvement of the property based on a promise to convey, reimburse or grant a lesser interest in the property (*Scivoletti v Marsala,* 61 NY2d 806, 809, *affg* 97 AD2d 401; *see, Petrukevich v Maksimovich,* 1 AD2d 786). It is noteworthy that it is not contended that Martin's relationship with defendant, her son and a joint owner of the premises, is not confidential or that Martin has not expended money for the improvement of the premises. Further, plaintiff testified that "[her] intention and * * * understanding of what [the parties] were doing was that with [Martin's] assistance in the down payment, that [Martin] would have a home for life". Accordingly, Martin had more than a mere expectation (*see, Scivoletti v Marsala, supra,* at 809); there was an implied promise that, in return for her financial assistance, she would receive a life estate in the small house. Given that this implied promise has not been fulfilled—indeed the property is now being partitioned, there is no record evidence that Martin has been conveyed a legal interest in the form of a life estate, and Supreme Court did not order conveyance of a life estate—the court's decision to grant Martin an equitable lien for the full amount invested by

her, instead of offsetting her award by the amount of the rental value of the small house for the period she has lived there rent free, is eminently fair.

There is merit, however, in plaintiff's contention that Supreme Court improperly allowed defendant a credit for one half of the property expenses which accrued after May 15, 1987. Based on the uncontroverted testimony that plaintiff moved out in response to her troubled relationship with defendant and his violence toward her and that defendant thereafter changed the locks on the doors of the big house and informed her of this fact, we are persuaded that defendant effectively denied plaintiff access to the property *(see, Hufnagel v Bruns,* 152 AD2d 459, 460; *Perkins v Volpe,* 146 AD2d 617, *lv dismissed* 74 NY2d 791). Where such an ouster occurs, the cotenant retaining exclusive possession becomes liable for all charges on the property, including tax payments *(Hufnagel v Bruns, supra),* and the reasonable value of his exclusive use and occupancy, which in the absence of record evidence may be set at the amount of postouster mortgage, insurance and repair payments *(Worthing v Cossar,* 93 AD2d 515, 519-520). Hence, the court erred in increasing defendant's equity for one half of the tax, mortgage and insurance payments made by defendant from the date of ouster. Accordingly, plaintiff is entitled to $17,347.47 instead of the $6,970.50 awarded her by Supreme Court.*

---

* Plaintiff's award is calculated based on Supreme Court's undisputed figures.

| | |
|---|---:|
| Fair market value of property | $ 122,500.00 |
| less: existing mortgage | (−27,850.88) |
| | $ 94,649.12 |
| less: Martin's equitable lien | (−31,743.85) |
| Plaintiff and defendant's total equity | $ 62,905.27 |
| Defendant's share of equity | $ 31,452.63 |
| add: reimbursement for ½ pre-ouster improvements and repairs | (+1,384.00) |
| | $ 32,836.63 |
| add: reimbursement for ½ down payment and closing costs | (+6,451.59) |
| | $ 39,288.22 |
| add: reimbursement for ½ pre-ouster mortgage payments | (+4,451.31) |
| | $ 43,739.53 |

Finally, plaintiff's argument that she should only be required to reimburse defendant for the amount of preouster mortgage payments representing principal and not interest is not supported by legal authority *(see, Vlacancich v Kenny,* 271 NY 164, 169).

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as ordered defendant John D. Martin to pay plaintiff $6,970.50; said defendant is ordered to pay plaintiff $17,347.47; and, as so modified, affirmed.

| | |
|---|---|
| add: reimbursement for ½ preouster property taxes paid | (+2,202.27) |
| | $ 45,941.80 |
| less: reimbursement to plaintiff for ½ preouster homeowner's insurance paid | (−384.00) |
| Defendant's total equity after adjustments | $ 45,557.80 |
| Plaintiff's and defendant's total equity: | $ 62,905.27 |
| less: defendant's equity after adjustments | (−45,557.80) |
| Plaintiff's equity after adjustments | $ 17,347.47 |