■ CitiFinancial Company (DE), Formerly Known as Commercial Credit Plan, Inc. of Georgetown, Respondent, v Sidney C. McKinney, et al., Appellants. [811 NYS2d 359]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered November 17, 2004, which, inter alia, granted

plaintiff's motion for an order of foreclosure, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings.

In 1965, Carnes McKinney and his son, Marcellus, were deeded property located at 177 East 222nd Street, Bronx, New York. At that time, Carnes and his wife Marvelen, and Marcellus and his wife Rae, collectively gave a mortgage on the property. Carnes had another son, Sidney, Marcellus's brother. Carnes passed away in 1976. Marvelen died in 1982. Beginning in 1986, Marcellus entered into a series of refinance/mortgage transactions on the property with predecessors of plaintiff mortgage holder.

Plaintiff alleges that in September 1996 Marcellus executed a mortgage with plaintiff to secure a loan to Marcellus in the amount of $138,222.56 at an annual rate of 8.75%.* In making the mortgage, Marcellus represented that he was the sole owner of the property, with full power to encumber it. Marcellus died in May 1997. According to plaintiff, the mortgage went into default in December 1997.

In 1998, Sidney executed an affidavit acknowledging that for $10,000 he had surrendered all right, title or interest in the property to Marcellus's wife Rae, and daughter Carolyn Y. See Yuen.

Plaintiff commenced the instant foreclosure action in March 2003 and moved, inter alia, for summary judgment. In support of the motion, plaintiff offered the mortgage, an affidavit and documentary evidence of the default. Defendant Yuen cross-moved for summary judgment and to amend the caption to reflect that Yuen was the Administrator of Marcellus's estate and that as such she represented all of the named survivors of the estate. Yuen contended that no money was owed on the mortgage; that Sidney should have been a party to the mortgage; and that the mortgage was induced by fraud.

The motion court found that plaintiff had met its burden of making a prima facie showing of entitlement to judgment through submission of the mortgage and proof of default. It found Yuen's assertions as to the balance of the loan and fraud in the inducement to be unsupported by anyone with personal knowledge. Finally, the court found that the issue of whether Sidney should have been a party to the mortgage was resolved by his 1998 renunciation of any interest in the property. For the reasons that follow, we reverse.

---

* Inexplicably the mortgage also lists "Carnes McKinney (Deceased)" as a "borrower" even though at the time Carnes was deceased for two decades.

In a foreclosure action, a mortgagee's prima facie entitlement to judgment as a matter of law is demonstrated by proof of the mortgage and evidence of default (*see Chemical Bank v Broadway 55-56th St. Assoc.*, 220 AD2d 308 [1995]; *Village Bank v Wild Oaks Holding*, 196 AD2d 812 [1993]). Upon such a showing, it is incumbent upon the party opposing foreclosure to come forward with evidence sufficient to raise a fact issue as to any available defense.

Yuen's principal contention is that at the time Marcellus entered into the mortgage, he was not the sole owner of the property but rather shared ownership with Sidney, who had inherited an interest in the property. From this assertion, she argues that the mortgage was void ab initio, and that plaintiff cannot foreclose because Sidney had an interest in the property which was never subject to the mortgage.

There is no indication in the record that Marcellus held the property with any right of survivorship in the event of Carnes's death. Nor is there any will or testamentary disposition in the record by which Carnes might have excluded Sidney from the property. On the contrary, plaintiff appears to admit that Sidney has such an interest. In both the complaint and in its bill of particulars, plaintiff posits that it erred in not making Sidney a party to the mortgage, but refers to this as a "scrivener's error." This contention ignores basic principles of Real Property Law.

It is hornbook law that a mortgage is " 'any conveyance of land intended by the parties at the time of making it to be a security for the payment of money or the doing of some prescribed act' " (*Burnett v Wright*, 135 NY 543, 547 [1892], quoting 2 Washburn, Real Property, at 42 [1876]; *Matter of Jeffrey Towers v Straus*, 31 AD2d 319, 322 [1969], *affd* 26 NY2d 812 [1970]). There is no evidence of record that Sidney was a party to any transaction involving plaintiff. Therefore, it is impossible to consider his absence from either the mortgage or the underlying note as a "scrivener's error."

However, the fact that Sidney did not sign the mortgage would not render the mortgage itself a nullity. As the Court of Appeals has noted, "nothing in New York law prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy. To the contrary, each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other" (*V.R.W., Inc. v Klein*, 68 NY2d 560, 565 [1986]). Accordingly, a mortgage given by one of several parties with an interest in the mortgaged property is not invalid; it gives the

mortgagee security, but only up to the interest of the mortgagor (*see id.*). As such, accepting as true the contention that Sidney had an interest in the property, the mortgage was valid; but valid only to the extent of Marcellus's interest in the property at the time he mortgaged that interest.

Yuen is therefore correct that if Sidney held an interest in the property that preexisted the mortgage, then plaintiff could not foreclose on that interest by virtue of a mortgage executed by Marcellus. It is beyond cavil that Marcellus could not transfer or encumber an interest owned by Sidney. The motion court resolved this issue by noting that Sidney conveyed whatever interest he had in the property to Yuen and Rae. As such, the motion court considered the issue moot. This was error.

Any conveyance from Sidney does not inure to the plaintiff's benefit. Significantly, Sidney transferred his interest after Marcellus's death not to Marcellus's estate, but directly to Rae and Yuen. Now that Rae has died, the record suggests that Yuen is the sole owner of the former "Sidney" interest. Accordingly, because Yuen now appears to hold an interest in the property that is not subject to the 1996 mortgage given by Marcellus, plaintiff cannot foreclose upon it.

Nevertheless, the record is less than clear as to whether Sidney did in fact inherit an interest in the property and as to the nature of any such interest. Further discovery and proceedings are necessary on these issues. Concur—Andrias, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.