■ Kwang Hee Lee, Appellant, v Adjmi 936 Realty Associates et al., Respondents. (Action No. 1.) Ray Realty Fulton, Inc., et al., Respondents, v Kwang Hee Lee, Appellant. (Action No. 2.) [824 NYS2d 672]—

In related actions, inter alia, for an accounting and the appointment of a receiver (action No. 1) and to recover damages for unjust enrichment (action No. 2), Kwang Hee Lee, the plaintiff in action No. 1 and the defendant in action No. 2, appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 20, 2005, as granted that branch of the motion of the defendants in action No. 1, Ray Realty Fulton, Inc., Clem Saad, Eli Saad, Leon Saad, and Ray Department Store Fulton, Inc., which was,

in effect, for summary judgment on the issue of the defendant Ray Department Store Fulton, Inc.'s, entitlement to an equitable reduction in rent for the period from November 1, 1994 to October 31, 1999, and denied those branches of his cross motion which were for summary judgment on his claim to remove the defendant Ray Realty Fulton, Inc., as the manager of certain real property and appoint a receiver, and for summary judgment on the issue of his liability for the mortgage held by Banco Popular de Puerto Rico, and that he was ousted from the property and not responsible for expenses and costs of improvements made to the property, (2) from stated portions of an order of the same court also dated May 20, 2005, which, inter alia, determined in action No. 2 that he was liable for expenses and costs of improvement to the subject property.

Ordered that the first order dated May 20, 2005 is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for summary judgment on the claim to remove Ray Realty Fulton, Inc., as the manager of the real property and appoint a receiver and for summary judgment on the issue of the appellant's liability for the mortgage held by Banco Popular de Puerto Rico and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated May 20, 2005 is affirmed insofar as appealed from, without costs or disbursements.

In 1986 Kwang Hee Lee and Byoung Heung Oh purchased certain real property located in Brooklyn and executed a $600,000 mortgage held by Korean Commercial Bank of New York. In 1988, Oh, using Lee's forged signature, executed a second mortgage on the property in the sum of approximately $400,000 held by Banco Popular de Puerto Rico (hereinafter Banco). This mortgage was consolidated with the first mortgage, which had been assigned to Banco.

In 1990 the property was conveyed to Adjmi 936 Realty Associates (hereinafter Adjmi) by Oh, once again using Lee's forged signature. In 1993 Adjmi sold the property to Ray Realty Fulton, Inc. (hereinafter Ray Realty), with Ray Realty being aware of a potential claim by Lee. Also in 1993 Lee commenced an action, inter alia, pursuant to RPAPL article 15 and was determined to be one-half owner of the property, along with Ray Realty.

In 1999, during the pendency of the 1993 action, Ray Realty and Banco commenced an action against Lee, alleging, inter alia, unjust enrichment related to the mortgage held by Banco

and seeking expenses of the property and costs of improvements made to the property. Lee interposed counterclaims for rents and profits accruing during the period Ray Realty was the purported owner of the property. After the case was removed from the calendar, Lee moved to restore the action and for summary judgment. The court, inter alia, ordered a trial to determine Lee's liability for expenses and costs of improvement to the property, as well as his entitlement to a portion of the back rents from the property.

In 2003 Lee brought an action against, among others, Ray Realty, Clem Saad, Eli Saad, Leon Saad, and Ray Department Store Fulton, Inc., inter alia, for an accounting and for the appointment of a receiver to manage the property. Ray Realty, Clem Saad, Eli Saad, Leon Saad, and Ray Department Store Fulton, Inc., moved for summary judgment and Lee cross-moved for summary judgment. The Supreme Court, inter alia, granted that branch of the motion which was, in effect, for summary judgment on the issue of Ray Department Store Fulton, Inc.'s, entitlement to an equitable reduction in rent for the period from November 1, 1994 to October 31, 1999, and denied those branches of the cross motion which were for summary judgment on the claim to remove Ray Realty as the manager of the property and appoint a receiver, and for summary judgment on the issue of Lee's liability for the Banco mortgage and that Lee was ousted from the property and not responsible for expenses and costs of improvements made to the property. Lee appeals.

Contrary to Lee's contention, the Supreme Court properly determined that there was a triable issue of fact concerning Ray Realty's unjust enrichment cause of action related to the amount of expenses, the cost of improvements which Lee was responsible for concerning the property he co-owned with Ray Realty, and the extinguishment of Lee's bonded indebtedness. When an ouster occurs, the owner or tenant retaining exclusive possession becomes liable for all charges on the property, including tax payments (*see Borock v Fray,* 220 AD2d 637 [1995]; *Johnston v Martin,* 183 AD2d 1019 [1992]; *Topilow v Peltz,* 25 AD2d 874 [1966]). Since there was no ouster of Lee by Ray Realty, the court properly determined that Lee was responsible for expenses and costs of improvements with the amount to be determined at trial.

The Supreme Court erred in denying that branch of Lee's cross motion which was for summary judgment on the issue of his liability for the additional mortgage placed on the property. A co-owner can only encumber its own interest in property without the consent of the other co-owners (*see Northgate Elec.*

*Profit Sharing Plan v Hayes,* 210 AD2d 384 [1994]; *V.R.W., Inc. v Klein,* 68 NY2d 560 [1986]). Since Oh encumbered the property without Lee's consent through the use of a forged signature, Lee cannot be personally liable for the additional indebtedness secured by a mortgage placed on the property. However, the Supreme Court should determine at trial the extent to which the proceeds of the consolidated mortgage were utilized, if any, to enhance the property and thereby unjustly enriched Lee by extinguishing the bonded indebtedness validly incurred by him prior to the fraudulent conveyance of his interest in the property.

Further, the court improvidently exercised its discretion in denying Lee's request for the appointment of a receiver to manage the property (*see Lee v 183 Port Richmond Ave. Realty,* 303 AD2d 379 [2003]; *Secured Capital Corp. of N.Y. v Dansker,* 263 AD2d 503 [1999]; *DaSilva v DaSilva,* 225 AD2d 513 [1996]).

Lee's remaining contentions are without merit. Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.