OPINION OF THE COURT
Judith J. Gische, J.
This is a mortgage foreclosure action by plaintiff Household Finance Realty Corporation of New York against David W. Dunlap, also known as David Dunlap, its mortgagor. Since the collateral for the loan is a condominium apartment, the Board of Managers of Greenwich Court Condominiums has also been named (the condominium board).
The court has before it Household’s motion for summary judgment, granting it the relief in the verified complaint, to wit: foreclosure of the subject mortgage, described in greater detail (infra). Household also asks that the answer with affirmative defenses be stricken. Dunlap has cross-moved for summary judgment, dismissing the complaint and awarding him damages on his counterclaim which asserts a violation of 15 USC § 1693, also known as the Electronic Fund Transfer Act (EFTA). The condominium takes no position on either motion. In its answer, however, it asserted a claim for surplus funds against Household and a money judgment against Dunlap for unpaid common charges.
Although discovery had not been undertaken, this is not asserted by either side as a basis upon which to deny these motions (CPLR 3212 [fj), which are otherwise timely since the note of issue has not yet been filed. Therefore, the motions will be decided on the merits, and the court’s decision and order follows. (CPLR 3212.)
Background
The following facts are largely undisputed. Dunlap is the record owner of condominium unit 6M at the Greenwich Court Condominiums located at 295 Greenwich Street, New York, New York (the condo). He purchased the premises in 1990. Thereafter he obtained two home equity loans, a mortgage and then refinanced the mortgage, all through Household, with the condo securing each loan commitment. The dispute at bar does not involve the equity loans, but the mortgage and refinance agreement. The first mortgage he obtained was on December 10, 2003 in the principal amount of $311,978.08, payable with interest in equal monthly installment payments (first mortgage). *661 At that time plaintiff offered him the option of making payments via electronic fund transfers from his account payable to Household. Dunlap agreed and he signed an “Authorization to Debit Account,” thereby authorizing money to be debited from his account and paid to plaintiff. This program, or feature, known as EZ Pay appears to be administered by Fort Knox Bank, but instructs the customer to “contact HFC/Beneficial Customer Service” with any questions. Both sides agree that the payments on the original mortgage were debited from Dunlap’s account and transferred to Household’s account without any problems.
Thereafter, on April 26, 2005, Dunlap refinanced his mortgage, borrowing the additional sum of $77,931.72 (second mortgage). The first and second mortgages were consolidated. At the closing, Dunlap elected to continue paying his mortgage electronically. He was instructed to complete a new authorization for the debiting of funds from his account, and transfer to Household, which he did. The instructions on the new debit authorization form were for the payment of $1,605.01 to Household on the 15th and 30th of each month.
According to defendant, he noticed that the May 15, 2005 payment he had authorized had not, in fact, been debited from his account or paid to plaintiff. He claims he contacted the branch manager for Household who instructed him to complete a new authorization form, which he did and faxed back to her. He then arranged with the collections department to have the missing payments for the month of May 2005 debited from his account, which they were, using the same EZ Pay feature.
He then noticed the next month that the June 15th payment had not been debited from his account or paid. Defendant claims that he contacted the branch manager of Household, but she did not return his call. Defendant contends that the money remained in his account, undebited for the remaining payments due June 30, 2005 through September 15, 2005 (six payments of $1,605.01).
In September 2005, after a meeting between counsel for both sides, defendant paid, using the same EZ Pay feature, the money that had not been previously debited ($9,630.06) from his account. A letter from plaintiff confirms that no service fee was charged for this transfer, nor were there any late charges or other fees imposed.
Subsequently, defendant was notified by plaintiffs collection department that he was in default and had arrears that had to *662 be paid immediately. Thereafter, plaintiff served defendant with an acceleration notice dated May 17, 2006. This action was commenced on May 19, 2006.
Based upon this record, Dunlap contends that he did not default in making his mortgage payments because the necessary funds remained on deposit in his account, but plaintiff either took ineffective, or no steps, to make sure the debit feature was properly implemented. Dunlap further contends that, as a matter of law, he tendered payment, but plaintiff refused it, and refusal of payment tendered is as effectual as if payment had been made by him. (Vaile v Moritt, 222 NYS2d 290 [Sup Ct, Kings County 1961].) Dunlap seeks the dismissal of the complaint for each of these reasons, contending there was no basis for the acceleration of the note, or the commencement of this action.
Dunlap also seeks summary judgment on his counterclaim under the EFTA. He contends that, under 15 USC § 1693j, his obligations to plaintiff were suspended because there had been a “system malfunction” which prevented him from effectuating his electronic fund transfer to the bank. Although section 1693j further provides that the suspension continues until the malfunction is corrected, “unless such other person has subsequently, by written request, demanded payment by means other than an electronic fund transfer,” defendant argues that the acceleration note was not a demand for payment by alternate means (15 USC § 1693j), but notification by the bank under the “default” provisions of the loan repayment provisions of the note. Defendant contends that because the acceleration notice demanded in excess of $400,000, plaintiff never demanded he make payment via a means other than through the EZ Pay program they had contractually agreed to.
Dunlap has opposed plaintiffs motion on procedural grounds as well, arguing that Ms. Gray’s affidavit is inadequate because she is an attorney-in-fact for Fidelity National Foreclosure Solutions and this entity’s relationship to plaintiff is undisclosed. This argument is rejected at the outset. Ms. Gray’s statements are based upon her review of the files, and plaintiff has, in any event, provided the affidavit of one of plaintiffs bank officers in reply. Therefore, these affidavits are procedurally sufficient to support plaintiffs summary judgment motion.
Household contends it is entitled to summary judgment, and the appointment of a referee to compute the amount it is due. Household contends that defendant did not make payments any *663 time after September 15, 2005, and that it demanded payment. Household argues that even assuming there was some kind of problem with debiting defendant’s account, he knew the payments were not being made. Household argues further that even assuming the facts of this case trigger the application of section 1693j of the EFTA (e.g., that there was a system malfunction), service of the acceleration notice was a demand for payment by another means, but defendant ignored that demand. Household contends that defendant now owes $377,844.44 together with accrued interest from August 30, 2005 at the rate stated in the notes and consolidated mortgage. Household also states that despite defendant’s payment in September 2005 of $9,630.06, he still had arrears that he owed, but failed to pay.
Discussion
On a motion for summary judgment, it is the movant’s burden to set forth evidentiary facts to prove its prima facie case that would entitle it to judgment in its favor, without the need for a trial. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) The party opposing the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action, or tender an acceptable excuse for his/her failure so to do. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, supra.)
In a foreclosure action, a mortgagee’s prima facie entitlement to judgment as a matter of law is demonstrated by proof of the mortgage and evidence of default (see CitiFinancial Co. [DE] v McKinney, 27 AD3d 224 [1st Dept 2006], citing Chemical Bank v Broadway 55-56th St. Assoc., 220 AD2d 308 [1st Dept 1995]). Upon such a showing, it is incumbent upon the party opposing foreclosure to come forward with evidence sufficient to raise a fact issue as to any available defense (see CitiFinancial Co. [DE], 27 AD3d at 226).
Household is not entitled to summary judgment, and its motion must be denied. Household has failed to prove that defendant defaulted in making payments for the period September 2005 through May 2006. There is substantial undisputed evidence that defendant gave plaintiff or its agent (Fort Knox) permission to debit from his bank account the preauthorized amount of $1,605.01 on the 15th and 30th day of each month. It is undisputed that the funds were available in defendant’s account to cover the preauthorized debit amount but that none of the authorized debits were made.
*664 While statements attributable to the Household’s branch manager are inadmissable hearsay, the correspondence from plaintiff and the submission of another debit authorization form in June 2005 establish defendant’s claim that he tried to resolve the problem with plaintiff, but the bank took ineffective (or no) steps to correct it. The ability to process some payments, but not others, establishes defendant’s further claim that the problem appears to have been a system malfunction or technical problem on plaintiffs end, or with Fort Knox.
Having proved his defense, that he did not default in making the mortgage payments in question to plaintiff, but that the funds were not transferred to plaintiff as a result of a malfunction or other technical problem in the payment process, defendant has defeated plaintiff’s motion for summary judgment. Furthermore, since he did not default, and proof of default is a material element of plaintiffs foreclosure action, defendant is entitled to summary judgment dismissing the complaint.
Turning to defendant’s counterclaim, the court considers the underlying purpose of the EFTA and its application to this case. The EFTA was enacted to “provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems” (15 USC § 1693 [b]) and a method for the resolution of errors in an electronic fund transfer (15 USC § 1693f). Its purpose is to “assure that mortgages, insurance policies, and other important obligations are not declared in default due to late payment caused by a system breakdown” (Senate Rep No. 95-915, 95th Cong, 2d Sess, at 16, reprinted in 1978 US Code Cong & Admin News, at 9418; see also 1 Baker and Brandel, Electronic Fund Transfer Systems 1i 17.03 [2] [a], [b], at 17-18.5, 17-19 [4th ed rev]).
As a consumer protection measure, section 1693j of the EFTA suspends the consumer’s obligation to make payment “[i]f a system malfunction prevents the effectuation of an electronic fund transfer initiated by [the] consumer to another person, and such other person has agreed to accept payment by such means.” The suspension continues until the problem is corrected, or the other person demands that the consumer make the payment by some other means.
Assuming that the inability to have the money properly debited from defendant’s account was a “malfunction” within the meaning of the EFTA, the acceleration notice that plaintiff sent to Dunlap was not a demand for payment by some other means, but notification that the bank was foreclosing his *665 mortgage and accelerating the note. The acceleration notice clearly states that it is being sent to notify defendant that plaintiff “has elected, pursuant to the mortgage, to accelerate the loan, and to declare the loan immediately payable and due.” There is no statement or demand in plaintiffs notice asking that defendant tender the missing payments by paper check, or some other means besides an electronic funds transfer. Moreover, the notice states that it is being sent in accordance with the Fair Debt Collection Practices Act (15 USC § 1692); there is no mention of the EFTA and its requirements. Therefore, plaintiff sent the acceleration notice in compliance with the note, but without first availing itself of the remedies available under section 1693j. Dunlap’s obligation to make the mortgage payments through the EZ Pay program (the manner the parties had agreed to in writing) remained in place. Consequently, there was no basis for the acceleration of the mortgage, and the acceleration notice plaintiff sent was premature and therefore improper. It cannot form the predicate basis for this foreclosure action which is why defendant’s cross motion dismissing this action must be granted.
Defendant also seeks summary judgment on his counterclaim, contending that he suffered money damages because plaintiff violated section 1693h, and he may recover his damages upon application of 15 USC §§ 1693f, 1693h and/or 1693m.
Section 1693f, entitled “Error resolution,” provides that a consumer can recover treble damages where a financial institution has made an error in debiting the consumer’s account and the bank does not provisionally recredit the consumer’s account within a specified time period, or it does not make a good faith investigation of the alleged error, or it does not have a reasonable basis for believing the consumer’s account was not in error, or the bank “knowingly and willfully concluded that the consumer’s account was not in error” (15 USC § 1693f [e] [2]) when such a conclusion could not have been drawn from the evidence available at the time of its investigation. Section 1693f is inapplicable to the facts of this case, and therefore not a basis upon which defendant would be entitled to damages. There was no unauthorized electronic transfer, no transfer of an incorrect amount, or other “error” as defined under the act; there was no debit or transfer at all.
Sections 1693h and 1693m are, however, applicable to the facts of this case. They are discussed below.
*666 Section 1693h, entitled “Liability of financial institutions,” allows for a consumer to recover damages proximately caused by the bank’s “action or failure to act” as follows:
“(1) the financial institution’s failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, except where—
“(A) the consumer’s account has insufficient funds;
“(B) the funds are subject to legal process or other encumbrance restricting such transfer;
“(C) such transfer would exceed an established credit limit;
“(D) an electronic terminal has insufficient cash to complete the transaction; or
“(E) as otherwise provided in regulations of the Board;
“(2) the financial institution’s failure to make an electronic fund transfer due to insufficient funds when the financial institution failed to credit, in accordance with the terms and conditions of an account, a deposit of funds to the consumer’s account which would have provided sufficient funds to make the transfer, and
“(3) the financial institution’s failure to stop payment of a preauthorized transfer from a consumer’s account when instructed to do so in accordance with the terms and conditions of the account.” (15 USC § 1693h [a] [1], [2], [3].)
This language is tempered, however, by the following language in subdivision (b): “(b) Acts of God and technical malfunctions.”
A financial institution shall not be liable under subdivision (a) (1) or (2) of this section if the financial institution shows by a preponderance of the evidence that its action or failure to act resulted from—
“(1) an act of God or other circumstance beyond its control, that it exercised reasonable care to prevent such an occurrence, and that it exercised such diligence as the circumstances required; or
“(2) a technical malfunction which was known to the consumer at the time he attempted to initiate an electronic fund transfer or, in the case of a pre *667 authorized transfer, at the time such transfer should have occurred.” (15 USC § 1693h [b].)
Section 1693m (a) (2) (A) imposes civil liabilities in an amount not “less than $100 nor greater than $1,000.” However, it also contains an enumerated list of factors that the court should consider in determining the amount of liability. The section expressly provides that the court may also consider other relevant factors as necessary. It further provides that
“a person may not be held liable in any action brought under this section for a violation of this subchapter if the person shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error” (15 USC § 1693m [c]).
Both sections 1693h and 1693m clearly provide that where the failure to transfer money was inadvertent, due to a technical error, or a situation that the consumer was aware of, the consumer cannot recover damages. Application of these exceptions requires the denial of defendant’s motion for summary judgment on his counterclaim for damages.
Although defendant has established that the plaintiff was unhelpful in resolving the problem with having his account properly debited, and plaintiff did not provide any kind of meaningful customer support, Dunlap has not proved that any failure on plaintiff’s part to have his account debited was anything more than an unintentional error. Moreover, by September 2005 defendant was aware of the technical malfunction that resulted in the failure to have money debited from his account to pay the mortgage which would exculpate the bank from damages (“a technical malfunction which was known to the consumer at the time he attempted to initiate an electronic fund transfer or, in the case of a preauthorized transfer, at the time such transfer should have occurred” [15 USC § 1693h (b) (2)]).
Based upon the foregoing, defendant has not proved he is entitled to summary judgment on his counterclaim. His cross motion for such relief is, therefore, denied. Since plaintiff moved to strike the answer in its entirety, and the court has also granted defendant’s cross motion for summary judgment dismissing the complaint, defendant’s counterclaim is hereby severed and stricken.
Since Greenwich Court has not taken a position on these motions, and its cross claims against defendant arise from the *668 dismissed complaint, Greenwich Court’s cross claim against Dunlap is severed and dismissed.
Conclusion
It is hereby ordered that plaintiff Household Finance Realty Corporation of New York’s motion for summary judgment is denied, except to defendant’s counterclaims which are hereby severed and dismissed; and it is further ordered that the cross motion of defendant David W. Dunlap, also known as David Dunlap, for summary judgment dismissing the complaint is granted; and it is further ordered that the cross motion of defendant David W Dunlap, also known as David Dunlap, for summary judgment as to its cross claim against Household Finance is granted and the cross claim is hereby severed and dismissed; and it is further ordered that the clerk shall enter judgment in favor of defendant David W. Dunlap, also known as David Dunlap, against plaintiff Household Finance Realty Corporation of New York dismissing the complaint; and it is further ordered that the clerk shall enter judgment in favor of defendant David W. Dunlap, also known as David Dunlap, against Board of Managers of Greenwich Court Condominiums, Board of Managers of Greenwich Court Condominiums, as attorney-in-fact for David W Dunlap, also known as David Dunlap, dismissing the cross claims against him; and it is further ordered that the clerk shall enter judgment in favor of plaintiff Household Finance Realty Corporation of New York against David W. Dunlap, also known as David Dunlap, dismissing his counterclaim; and it is further ordered that any relief not addressed has nonetheless been considered and hereby expressly denied.