■ 1.2.3. HOLDING CORP., Appellant, v EXETER HOLDING, LTD., Respondent. [900 NYS2d 356]—

In an action, inter alia, for a judgment declaring that the

mortgage held by the defendant on real property owned by the plaintiff is void and invalid, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), entered November 21, 2008, as, upon an order of the same court dated September 10, 2008, among other things, granting the defendant's motion for leave to reargue those branches of its prior motion which were for summary judgment on its first and third counterclaims, which had been determined in an order of the same court dated January 28, 2008, and, upon reargument, vacating the determination in the order dated January 28, 2008, denying those branches of the defendant's motion which were for summary judgment on its first counterclaim or, in the alternative, for summary judgment on its third counterclaim, and thereupon granting that branch of the defendant's motion which was for summary judgment on its first counterclaim, and denying, as academic, that branch of the defendant's motion which was for summary judgment on its third counterclaim, is in favor of the defendant and against it declaring, in effect, that the plaintiff's 50% ownership interest in the subject property which was not formerly owned by Millenium Land Developers, Inc., was encumbered by the defendant's mortgage.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, the determination in the order dated January 28, 2008, denying that branch of the defendant's motion which was for summary judgment on so much of its first counterclaim as sought a judgment, in effect, declaring that the plaintiff's 50% ownership interest in the subject property which was not formerly owned by Millenium Land Developers, Inc., was encumbered by the defendant's mortgage is adhered to, and the order dated September 10, 2008, is modified accordingly.

In June 2005 Millenium Land Developers, Inc. (hereinafter Millenium), and AFC Real Estate, LLC (hereinafter AFC), purchased certain real property located in Shirley, New York, for the purpose of constructing a one-family home on the property for eventual resale. On August 5, 2005, Millenium executed a mortgage in the sum of $125,000 on the property in favor of the defendant. AFC did not sign the mortgage documents or the note. On April 7, 2006, Millenium transferred its 50% interest in the property to AFC by a quitclaim deed. On the same day, Millenium and AFC entered into an agreement whereby AFC agreed, inter alia, to assume responsibility for the "presently existing mortgages" held by the defendant. AFC subsequently transferred its 100% interest in the property to the plaintiff on May 6, 2006.

The plaintiff commenced this action for a judgment declaring, inter alia, that the mortgage held by the defendant in relation to the subject property was void and invalid. The defendant interposed an answer in which it asserted counterclaims against the plaintiff, including the first counterclaim, which was for a judgment declaring, in effect, that the plaintiff's ownership interest in the property was encumbered by the defendant's mortgage, and the third counterclaim, which was for an equitable mortgage in the property superior to the plaintiff's ownership interest.

In an order dated January 28, 2008, the Supreme Court denied the defendant's motion, inter alia, for summary judgment on its first counterclaim, or, in the alternative, on its third counterclaim. In an order dated September 10, 2008, the Supreme Court, among other things, granted the defendant's motion for leave to reargue its prior motion for summary judgment, and, upon reargument, vacated the order dated January 28, 2008, granted that branch of the defendant's motion which was for summary judgment on its first counterclaim, and denied, as academic, that branch of the defendant's motion which was for summary judgment on its third counterclaim. In the judgment appealed from, the Supreme Court, upon the order dated September 10, 2008, inter alia, declared, in effect, that the mortgage held by the defendant encumbered the plaintiff's ownership interest in the subject property.

The Supreme Court erred in, upon reargument, granting that branch of the defendant's motion which was for summary judgment on so much of its first counterclaim as sought a judgment declaring, in effect, that the plaintiff's ownership interest in the 50% of the subject property which was not formerly owned by Millenium was encumbered by the defendant's mortgage. "[T]here is nothing in New York law that prevents one of the co-owners from mortgaging or making an effective conveyance of his or her own interest in the tenancy. To the contrary, each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other" (V.R.W., Inc. v Klein, 68 NY2d 560, 565 [1986]). "A co-owner can only encumber its own interest in property without the consent of the other co-owners" (Kwang Hee Lee v Adjmi 936 Realty Assoc., 34 AD3d 646, 648 [2006]; see V.R.W., Inc. v Klein, 68 NY2d at 565; Northgate Elec. Profit Sharing Plan v Hayes, 210 AD2d 384, 385 [1994]). "[A] mortgage given by one of several parties with an interest in the mortgaged property is not invalid; it gives the mortgagee security, but only up to the interest of the mortgagor" (CitiFinancial Co. [DE] v McKinney,

27 AD3d 224, 226-227 [2006]). The defendant demonstrated its entitlement to judgment as a matter of law by establishing, prima facie, that AFC consented to the mortgage even though it was not a party to the mortgage or the note between Millenium and the defendant. However, in opposition, the plaintiff raised a triable issue of fact as to whether AFC, as the plaintiff's predecessor in interest, consented to encumber its 50% interest in the property with the mortgage (*see generally V.R.W., Inc. v Klein*, 68 NY2d at 565; *Kwang Hee Lee v Adjmi 936 Realty Assoc.*, 34 AD3d at 648-649; *CitiFinancial Co. [DE] v McKinney*, 27 AD3d at 226-227; *Northgate Elec. Profit Sharing Plan v Hayes*, 210 AD2d at 385). Accordingly, the Supreme Court erred in, upon reargument, granting that branch of the defendant's motion which was for summary judgment on so much of its first counterclaim as sought a judgment declaring, in effect, that the plaintiff's 50% ownership interest in the subject property which was not formerly owned by Millenium was encumbered by the defendant's mortgage.

Since the defendant did not cross-appeal from the judgment, this Court cannot review its contention that it was entitled to summary judgment on its third counterclaim for an equitable mortgage, which relief was denied, as academic, by the Supreme Court (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Koscinski v St. Joseph's Med. Ctr.*, 47 AD3d 685, 686 [2008]). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32739(U).]**