■ REAL SPEC VENTURES, LLC, Respondent-Appellant, v ESTATE OF LIVINGSTON MANDEL DEANS, Deceased, et al., Defendants, SJARON R. DEANS, Also Known as SHARON R. STEPHENSON, Respondent, and PHILIP ORNER et al., as Coadministrators De Bonis Non of the Estate of LIVINGSTON MANDEL DEANS, Deceased, Appellants-Respondents. [929 NYS2d 615]—

In 1991 Livingston Mandel Deans (hereinafter the decedent), his future second wife Sharon R. Stephenson (hereinafter Sharon), and his father Byron Deans purchased commercial real property located in Laurelton, Queens, pursuant to a deed (hereinafter the 1991 deed) which granted each of them a one-third interest in the subject property as tenants in common.

The decedent and Sharon were married in 1996, and Sharon changed her last name to Deans. The decedent died intestate in 2001, survived by Sharon, his adult daughter Jacklyn, and his minor son Brandon. In 2003 Sharon and her attorney, Felipe E. Orner, sued herein as Philip Orner, obtained letters of administration to administer the decedent's estate, including what had been the decedent's one-third interest in the subject property.

The following month, Sharon, in her capacity as coadministrator of the decedent's estate, purported to convey what had been the decedent's interest in the property to herself pursuant to a deed dated December 3, 2003 (hereinafter the 2003 deed), which contained her own signature and the forged signature of the decedent's daughter Jacklyn. Using the 2003 deed and other documents which she executed with someone she falsely represented as the decedent's father, Sharon obtained a mortgage loan in the sum of $370,000 from the plaintiff, Real Spec

Ventures, LLC (hereinafter Real Spec). Sharon personally received the entire net proceeds of the mortgage loan.

Sharon and Orner were removed as the coadministrators of the estate, and filed individual accountings of the estate in the Surrogate's Court (hereinafter the accountings). Thereafter, the Surrogate's Court found that the mortgage was void ab initio because it was based on a forged and fraudulent deed, and, in two separate decrees, directed the cancellation of the 2003 deed and the mortgage of record.

At a sheriff's sale held in February 2009, the interest in the real property personally held by Sharon as of May 23, 2008, was conveyed to the decedent's estate. Thereafter, on appeals by the plaintiff from the two separate decrees entered in connection with the accountings, this Court modified the decrees to reflect that the mortgage was void only to the extent of any interest in the property rightfully owned by the estate, and that the Surrogate's Court lacked subject matter jurisdiction to determine the validity of the mortgage with respect to the interests of living persons (see Matter of Deans, 68 AD3d 768 [2009]; Matter of Deans, 68 AD3d 767 [2009]).

Contrary to the coadministrators' contentions, this Court did not determine that the mortgage was void ab initio, or that it was a nullity with respect to the interests of living persons. Accordingly, the coadministrators failed to establish, based on principles of res judicata and collateral estoppel, their prima facie entitlement to judgment as a matter of law dismissing the cause of action to quiet title insofar as asserted against the estate and declaring that the mortgage is invalid as to any interest in the property rightfully held by a living person as of May 23, 2008. Accordingly, the Supreme Court properly denied their motion for summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; cf. Simpson v Alter, 78 AD3d 813 [2010]; Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750 [2009]; Hoey v Kuchler, 249 AD2d 365 [1998]).

However, the Supreme Court erred in denying that branch of Real Spec's cross motion which sought a summary determination that its mortgage lien against Sharon's rightful personal interest in the property as of May 23, 2008, continued to be valid and enforceable. " '[A] mortgage given by one of several parties with an interest in the mortgaged property is not invalid; it gives the mortgagee security, but only up to the interest of the mortgagor' " (1.2.3. Holding Corp. v Exeter Holding, Ltd., 72 AD3d 1040, 1042 [2010], quoting CitiFinancial Co. [DE] v McKinney, 27 AD3d 224, 226-227 [2006]). Here, Real

Spec established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the 1991 deed and a so-ordered stipulation dated November 18, 2008, between its assignee and the coadministrators. The stipulation provided that Real Spec agreed to cancel the notice of pendency filed in connection with the property so that a sale could proceed on the condition that, if it were later determined that the mortgage were valid and enforceable, the plaintiff would be entitled to a one-third share of the net sale proceeds, representing Sharon's rightful personal one-third interest in the property. In opposition to the plaintiff's prima facie showing, the coadministrators failed to raise a triable issue of fact.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Real Spec's mortgage is valid and enforceable against Sharon's rightful personal one-third interest in the real property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.