■ GREAT FINANCIAL BANK, FSB, Plaintiff, v INTERDENOMINATIONAL BROTHERHOOD, INC., et al., Defendants. (Action No. 1.) GREAT FINANCIAL BANK, FSB, Plaintiff, v INTERDENOMINATIONAL BROTHERHOOD, INC., Respondent, et al., Defendants. (Action No. 2.) SUVELLA EDWARDS OGBURN, Plaintiff, and MARVIN BLAKE et al., Appellants, v MOUNT MORIAH CHURCH OF GOD IN CHRIST et al., Defendants, and INTERDENOMINATIONAL BROTHERHOOD, INC., Respondent. (Action No. 3.) [971 NYS2d 16]—

In three related actions, inter alia, to foreclose mortgages on certain real property and recover damages for mortgage and title fraud, which were joined for discovery and trial, Marvin Blake and Linda Blake, plaintiffs in action No. 3, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered July 22, 2011, as granted the motion of Great Financial Bank, FSB, the plaintiff in action No. 2, in effect, to vacate so much of an order of the same court, dated May 22, 2000, as granted that branch of the prior motion of Suvella Edwards Ogburn, a defendant in action No. 2, which was to enjoin Great Financial Bank, FSB, from enforcing, among other things, a default judgment of foreclosure and sale dated July 27, 1997, issued with respect to the property at issue in action Nos. 2 and 3, and, sua sponte, directed that the property at issue in action Nos. 2 and 3 be partitioned and sold at a foreclosure sale, with Great Financial Bank, FSB, to receive one half of the net proceeds thereof and Marvin Blake and Linda Blake to receive one half of the net proceeds thereof.

Ordered that on the Court's own motion, the notice of appeal from so much of the order entered July 22, 2011, as, sua sponte, directed that the property at issue in action Nos. 2 and 3 be partitioned and sold at a foreclosure sale, with Great Financial

Bank, FSB, to receive one half of the net proceeds thereof and Marvin Blake and Linda Blake to receive one half of the net proceeds thereof, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered July 22, 2011, is modified, on the law, (1) by adding thereto a provision directing that any enforcement by Great Financial Bank, FSB, of the judgment of foreclosure and sale dated July 27, 1997, shall be subject to the interests of Marvin Blake and Linda Blake in the property at issue in action Nos. 2 and 3, and (2) by deleting the provisions thereof directing that the property at issue in action Nos. 2 and 3 be partitioned and sold at a foreclosure sale, with Great Financial Bank, FSB, to receive one half of the net proceeds thereof and Marvin Blake and Linda Blake to receive one half of the net proceeds thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Insofar as relevant to this appeal, these related actions involve, inter alia, an attempt by Great Financial Bank, FSB (hereinafter Great Financial), the plaintiff in action No. 2, to foreclose a mortgage on certain real property located in Freeport (hereinafter the subject property). It is undisputed that the subject property formerly was co-owned by Suvella Edwards Ogburn on the one hand, and by Marvin Blake and Linda Blake (hereinafter together the Blakes), plaintiffs in action No. 3, on the other hand, as tenants in common. In 1995, the subject property purportedly was conveyed to Mount Moriah Church of God in Christ, a defendant in action No. 3, which in turn conveyed it to Interdenominational Brotherhood, Inc. (hereinafter IBI), a defendant in action Nos. 2 and 3. IBI mortgaged the subject property as security for a loan, and the mortgage ultimately was assigned to Great Financial.

Following IBI's default in repayment of the loan, Great Financial commenced action No. 2 in 1997 against, among others, IBI and Ogburn to foreclose the mortgage. The action culminated in the entry of a judgment of foreclosure and sale on default dated July 27, 1997, in the Supreme Court, Nassau County.

In the meantime, Ogburn and the Blakes commenced action No. 3, alleging that the 1995 conveyance of the subject property had been the product of fraud and forgery and seeking to have it declared void. Moreover, in an order dated May 22, 2000, the Supreme Court granted a motion by Ogburn in action No. 2 to vacate her default, joined the actions for trial, and stayed the enforcement and execution of the judgment of foreclosure pending further action of the court.

Following discovery in the joined actions, the Supreme Court, in an order dated April 10, 2007, awarded summary judgment to Great Financial dismissing all of Ogburn's claims and defenses in all of the actions. The court found that Ogburn, by her own admission during her deposition, had forged the signatures of the Blakes on the 1995 deed, and observed that Great Financial's foreclosure remedy in action No. 2 was "subject to the rights of Linda Blake and Marvin Blake." Thereafter, in an order dated November 26, 2007, the court denied that branch of a motion by IBI and some of the other defendants in action No. 3 which was for summary judgment dismissing the causes of action asserted by the Blakes against them, observing that "[t]he Blake's [sic] remain half owners in the [subject] property."

Great Financial subsequently moved to lift the May 22, 2000, stay of the 1997 foreclosure judgment, and the Blakes vigorously opposed the motion. In an order entered July 22, 2011, the Supreme Court granted Great Financial's motion, but awarded further relief, not sought by any party, effectively in the nature of a partition and sale of the subject property, by directing that the property was to be sold at a "foreclosure sale," with Great Financial to receive one half of the net proceeds thereof and the Blakes to receive one half of the net proceeds thereof. The Blakes appeal from the order entered July 22, 2011.

Initially, under the circumstances of this protracted litigation, and based on the procedural course charted by the parties, we reject the Blakes' contention that the 1997 foreclosure judgment was vacated, rather than merely stayed, by the order dated May 22, 2000. Therefore, the 1997 foreclosure judgment was valid in 2011, when Great Financial moved to lift the stay, and remains valid.

However, since the forgery by Ogburn could not divest the Blakes of their ownership interest in the property as tenants in common (*see Kraker v Roll*, 100 AD2d 424, 430-435 [1984]), and it appears that they continue to hold a one-half interest in the subject property that remains unencumbered by the mortgage on which foreclosure was sought in action No. 2, Great Financial's enforcement of the resulting foreclosure judgment in that action is subject to the Blakes' ownership interest in the property (*see Real Spec Ventures, LLC v Estate of Livingston Mandel Deans*, 87 AD3d 1000, 1002-1003 [2011]; *1.2.3. Holding Corp. v Exeter Holding, Ltd.*, 72 AD3d 1040, 1042 [2010]; *Kwang Hee Lee v Adjmi 936 Realty Assoc.*, 34 AD3d 646, 648-649 [2006]).

Additionally, the Supreme Court erred in directing, in effect,

a partition and sale of the subject property, since no request for such relief was made, and, thus, the Blakes had no opportunity to be heard with regard to the propriety of such a remedy (*cf. Cadle Co. v Calcador*, 85 AD3d 700, 702 [2011]; *Lauriello v Gallotta*, 70 AD3d 1009, 1009-1010 [2010]; *Snyder Fulton St., LLC v Fulton Interest, LLC*, 57 AD3d 511, 513 [2008]; *Graffeo v Paciello*, 46 AD3d 613, 614 [2007]).

In light of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.