■ ASSOCIATES FINANCIAL SERVICES INC., Respondent, v EILEEN DAVIS, Appellant, et al., Defendants. DANIEL FEGO et al., Intervenors-Respondents.—In an action to foreclose a mortgage, the defendant Eileen Davis appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered June 27, 1986, which denied her motion to set aside the foreclosure sale and order a resale of the subject property, and from an order of the same court, entered July 17, 1986, which denied her motion for reargument.

Ordered that the appeal from the order entered July 17, 1986, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 27, 1986, is affirmed; and it is further,

Ordered that the plaintiff-respondent and the intervenors-defendants-respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appellant initially contends that the foreclosure sale should have been set aside on the ground of improper notice.

In relevant part, RPAPL 231 (2) (a) states: "2. (a) Notice of such sale shall be given by the officer making it by publishing a notice of the time and place of the sale, containing a description of the property to be sold, in a newspaper published in the county in which the property is located * * * In each case, publication may be either once in each week for four successive weeks or at least twice in each week for three successive weeks preceding the original date fixed for the sale * * * if the publication is for four weeks such sale shall take place on any day on or after the twenty-eighth day and on or before the thirty-fifth day after the day of the first publication".

Although the notice of foreclosure was properly published, and the sale was conducted on the date set forth in the publication, the sale took place one day after the requisite time period had expired. The appellant claims that this was a

jurisdictional defect requiring that the original sale be set aside.

We disagree. RPAPL 231 (6) states: "6. At any time within one year after the sale, but not thereafter, the court, upon such terms as may be just, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect".

In this action, since the sale was duly advertised and there is no evidence that the irregularity would have inhibited the attendance of other bidders, it should not be set aside (see, *Buttermark Plumbing & Heating Corp. v Sagarese,* 119 AD2d 540, *lv denied* 68 NY2d 607).

The appellant further alleges that the Referee wrongfully gave the high bidders a 30-day extension from the scheduled date of the closing to obtain the necessary financing for the purchase of the property. We disagree.

In the terms of sale that were read to the bidders present prior to the foreclosure sale, the Referee explicitly reserved the right to extend the time for completion of the sale. Additionally, after a foreclosure sale, the closing of title can proceed in the same manner as is customary in nonjudicial sales of real property (*E.Q.C. Co. v Plainview Country Club,* 23 AD2d 769). Absent any declaration making time of the essence for closing, the purchaser is entitled to a reasonable adjournment.

Accordingly, the Supreme Court did not abuse its discretion in refusing to vacate the sale. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.