■ MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v NIAGARA SQUARE ASSOCIATES et al., Appellants. (Appeal No. 1.) [608 NYS2d 129] —Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Erie County, Stathacos, J.H.O.—Confirm Referee's Report.) Present—Callahan, J. P., Green, Balio, Fallon and Boehm, JJ.

■ MANUFACTURERS AND TRADERS TRUST COMPANY, Respon-

dent, v NIAGARA SQUARE ASSOCIATES et al., Appellants. (Appeal No. 2.) [608 NYS2d 22] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly declined to exercise its equitable power to set aside the foreclosure sale. The "Terms of Sale" did not provide that time was of the essence, and they expressly authorized the Referee to extend or adjourn the closing date. Thus, the Referee did not act improperly by permitting adjournments of the closing date (see, Associates Fin. Servs. v Davis, 133 AD2d 601, lv denied 72 NY2d 802). Absent fraud, collusion or other irregularity, a foreclosure sale will not be set aside solely upon inadequacy of the sale price unless the inadequacy is so great that it shocks the conscience of the court (Glenville & 110 Corp. v Tortora, 137 AD2d 654, 655, lv denied 72 NY2d 806). The sale price was over 50% of the highest appraised value. The mortgagee bank's conduct in entering into an agreement with a prospective bidder for the financing of a bid at the sale does not indicate fraud or collusion, especially where the mortgagee was endeavoring to protect its interest by ensuring that there would be a bidder at the sale (cf., Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 410). Under the circumstances, defendants failed to establish fraud, collusion or other irregularity sufficient to warrant exercise of the court's equitable powers. (Appeal from Order of Supreme Court, Erie County, Stathacos, J.H.O.—Confirm Referee's Report.) Present —Callahan, J. P., Green, Balio, Fallon and Boehm, JJ.