■ KATHLEEN TAMBASCO, Respondent, v IRIS PESCE et al. Appellants. [623 NYS2d 405] —Spain, J. Appeal from an order of

the Supreme Court (Best, J.), entered February 15, 1994 in Montgomery County, which, *inter alia,* granted plaintiff's cross motion to compel delivery of possession of certain real property.

Supreme Court issued an interlocutory judgment directing sale of the subject premises, pursuant to an earlier decision granting partition, and appointing a Referee for that purpose. Thereafter, a notice of sale was prepared and the public sale of the premises was scheduled for August 9, 1993 at 10:00 A.M. in the lobby of the Amsterdam City Hall, 61 Church Street, City of Amsterdam, Montgomery County. The terms of sale were signed and issued by the Referee.

Plaintiff was the highest bidder at the sale and promptly tendered the required 10% of the purchase price to the Referee. Pursuant to the terms of sale, plaintiff was required to pay the residue of the purchase price to the Referee on August 24, 1993. This did not occur. However, plaintiff made full payment of the residue of the purchase price on September 3, 1993 and received the Referee's deed.

Thereafter, defendants filed a motion to cancel, vacate and set aside the Referee's deed. Plaintiff submitted papers in opposition which Supreme Court allowed to serve as a cross motion. Supreme Court denied the motion and granted the cross motion.[1] Defendants appeal.

Defendants claim that the Referee exceeded his authority in allowing payment of the residue of the purchase price after the date set in the notice of sale (Aug. 24, 1993). We disagree. The terms of sale clearly grant the Referee discretion to extend the time for the completion of the purchase[2] *(see, Associates Fin. Servs. v Davis,* 133 AD2d 601, 602, *appeal dismissed* 71 NY2d 889, *lv denied* 72 NY2d 802).* In the absence of unfair or oppressive conduct, a judicial sale will not be set aside *(see, Ferguson v McLoughlin,* 198 AD2d 161).

Further, plaintiff's request for an award of counsel fees is denied. Defendants' appeal was not so frivolous or completely

---

1. Defendants submitted a reply affirmation in opposition to the relief sought by plaintiff.

2. Paragraph "Third" of the terms of sale states: "The Referee is not required to send any notice to the purchaser and if the purchaser neglects to call at the time and place above specified to receive the Deed, he will be charged with interest thereafter on the whole amount of his purchase, *unless the Referee should deem it proper to extend the time for the completion of said purchase"* (emphasis supplied).

without merit *(compare, Matter of Jemzura v Mugglin,* 207 AD2d 645) as to rise to the level of sanctionable conduct.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.