■ In the Matter of MICHELLE S. KRYWANCZYK, Appellant-Respondent, v ALEX KRYWANCZYK, Respondent-Appellant. [653 NYS2d 970] —Yesawich Jr., J. Cross appeals from an order of the Family Court of St. Lawrence County (Rogers, J.), entered June 9, 1995, which, *inter alia*, granted respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, for modification of a prior visitation/custody order.

After a prolonged hearing, Family Court awarded sole custody of the parties' child, Megan, to respondent with petitioner to have weekly visitation. Petitioner appeals, arguing that Family Court erred by failing to identify the legal standard utilized in reaching its decision, neglecting to consider the Law Guardian's recommendation, and placing too much weight on one expert's analysis, despite what petitioner contends were substantial flaws therein. Respondent, in his cross appeal, takes issue with the court's decision allowing petitioner to have unsupervised visitation, with the particulars of the visitation schedule and with the denial of his applications for counsel fees, costs and sanctions. Respondent also urges that petitioner be sanctioned for pursuing a frivolous appeal.

There is no reason to disturb Family Court's resolution of the custody and visitation issues. The court's acceptance of

psychologist Pamela Langelier's assessment of the parties' parenting abilities and relevant psychological traits—which were predicated, *inter alia*, on her testing of and interviews with both parties, respondent's fiancée and Megan—and concomitant rejection of the contrary findings of petitioner's expert (who evaluated only petitioner and accepted the history she supplied with no attempt at verification), was not, as petitioner suggests, palpably unreasonable. This evaluation of conflicting expert testimony, being based on appropriate considerations, is entitled to deference (*see, Matter of Esther CC. [Joseph CC.]*, 194 AD2d 949, 951).

Family Court's extensive factual findings, which have their basis in Langelier's conclusions as well as the court's own independent appraisal of the evidence presented—among them, that petitioner had coached Megan to display an unfavorable attitude toward respondent, in a calculated attempt to interfere with respondent's visitation and subvert his relationship with the child; had "creat[ed] a myth about sexual abuse and involv[ed] the child in that false story"; had done "a great many things to frighten the child and make her fear visitation"; had used excessive corporal punishment; and had placed her own needs above those of the child, to Megan's detriment—have ample support in the record. In view of these findings, Family Court's decision that a change in custody serves Megan's best interest is fully tenable (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 96; *Matter of Belden v Keyser*, 206 AD2d 610, 611; *Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753, 754).

Petitioner's claim that Family Court failed to consider the Law Guardian's arguments and recommendations is unconvincing. The majority of those arguments, while not explicitly recognized by Family Court as having been advanced by the Law Guardian, were indeed addressed by the court. Moreover, having determined, after properly exercising its fact-finding responsibility (*see, Matter of Perry v Perry*, 194 AD2d 837, 838), that the allegations of sexual abuse by respondent were entirely unfounded, Family Court cannot be faulted for rejecting the Law Guardian's suggestion that custody should nevertheless remain with petitioner.

The parties' remaining contentions are also meritless. Parenthetically, we note that while we would be inclined to condition petitioner's visitation on her providing Family Court with a plan for supervised visitation (*cf., Parker v Ford*, 89 AD2d 806), given that she is required to undergo psychological testing and counseling regarding her parenting deficits, and that modification may be obtained upon a showing that she

has continued to act in ways detrimental to Megan's well-being, we cannot say that Family Court abused its discretion in permitting unsupervised visitation. Nor are we persuaded, on this record, that respondent's application for counsel fees and sanctions should have been granted (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881). And, inasmuch as we find petitioner's appellate arguments not entirely baseless, and there is no indication that the appeal was brought "primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]), there is no warrant for the imposition of sanctions in this Court (*see, id.; Tambasco v Pesce*, 213 AD2d 821, 822-823).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.