◼ ELWOOD L. CORSA III, Respondent, v ANNE BIERNACKI, Appellant. [767 NYS2d 855]—

In an action, inter alia, to partition real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated October 2, 2002, as granted that branch of the plaintiff's motion which was to confirm so much of the report of a Referee dated May 1, 2002, as determined that the plaintiff was constructively evicted from the subject property as of April 1999, directed that the parties' respective contributions for the acquisition, maintenance, upkeep, and repair of the property, including mortgage, taxes, and insurance, be fixed as of April 1999, and denied her cross motion to reject the Referee's report in its entirety.

Ordered that the order is modified, on the law, by deleting the provisions thereof confirming that portion of the Referee's report which determined that the plaintiff was constructively evicted from the subject property as of April 1999 and that the parties' respective contributions for acquisition, maintenance, upkeep, and repair of the premises be fixed as of April 1999 and substituting therefor provisions rejecting that portion of the

Referee's report, and directing that the parties' respective contributions for acquisition, maintenance, upkeep, and repair of the premises be fixed as of the date that the subject property is sold; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings before the Referee in accordance herewith.

The record does not substantially support the Referee's finding that the plaintiff was involuntarily precluded from occupying the subject property (*cf. Matter of Lipsky v Koplen,* 282 AD2d 462, 463 [2001]; *Stone v Stone,* 229 AD2d 388 [1996]). We note that the Supreme Court incorrectly confirmed the Referee's determination that the plaintiff was "constructively evicted" from the property (*see Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 83 [1970]), rather than determining whether he was ousted therefrom. In any event, a tenant-in-common "has the right to take and occupy the whole of the premises and preserve them from waste or injury, so long as he or she does not interfere with the right of [the other tenant] to also occupy the premises" (*Jemzura v Jemzura,* 36 NY2d 496, 503 [1975]; *see Oliva v Oliva,* 136 AD2d 611, 612 [1988]). The occupancy by one of the tenants in common in and of itself does not make that tenant liable to the other tenant for use and occupancy (*see Jemzura v Jemzura, supra*). Here, the plaintiff failed to establish that he was ousted from the property. Accordingly, since the plaintiff effectively abandoned the jointly-held property and left the defendant to pay all the expenses with respect thereto since April 1999, the parties' respective contributions for acquisition, maintenance, upkeep, and repair of the premises should be fixed as of the date the subject property is sold, and the defendant is entitled to a credit for one half of the payments made for acquisition, maintenance, upkeep, and repair of the premises, including mortgage, taxes, and insurance since April 1999 (*see Freigang v Freigang,* 256 AD2d 539, 540 [1998]). Any such credit should not be offset by the value of her use and occupancy (*see Oliva v Oliva, supra*). Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.