■ MARK MISK, Respondent, v JOYCE G. MOSS et al., Defendants, and ANGELA O'BRIEN, Appellant. [839 NYS2d 143]—

In an action, inter alia, for the partition and sale of real property, the defendant Angela O'Brien appeals, as limited by her brief, from so much of an interlocutory judgment of the Supreme Court, Queens County (Kelly, J.), entered October 18, 2005, as granted the plaintiff's motion to confirm the report of a referee dated June 16, 2005, which determined, inter alia, that upon the sale of the subject real property, (1) she was to pay any outstanding liens against her late husband which a title company would require to be satisfied prior to closing, (2) she was to pay all outstanding water and sewer charges for the real property, and (3) she was to pay to the plaintiff the value of her use and occupancy of the plaintiff's one-half share of the real property, in the amount of $4,000 per month, from April 2003 forward, said sums to be paid from her share of the proceeds of sale.

Ordered that the appeal from so much of the interlocutory judgment as confirmed that part of the referee's report requiring the appellant to pay any outstanding liens of her late husband which a title company would require to be satisfied prior to closing is dismissed as academic; and it is further,

Ordered that the interlocutory judgment is modified, on the

law and the facts, by deleting the provision thereof which confirmed the referee's report in its entirety, and substituting therefor provisions (1) confirming the referee's report except to the extent that it determined that the appellant was to pay (a) all outstanding water and sewer charges for the real property and (b) the value of her use and occupancy of the plaintiff's one-half share of the real property, in the amount of $4,000 per month from April 2003 forward, and (2) requiring that the plaintiff and the appellant each pay one half of all outstanding water and sewer charges for the real property; as so modified, the interlocutory judgment is affirmed insofar as reviewed, with costs payable by the plaintiff.

Contrary to the determination of the Supreme Court, the finding of the referee that the appellant should pay the value of her use and occupancy of the subject real property to the plaintiff was not substantially supported by the record (*see Corsa v Biernacki*, 2 AD3d 388, 389 [2003]). While the appellant, a tenant-in-common of the real property with the plaintiff, did occupy the entire premises, that mere occupancy alone did not make her liable to the plaintiff cotenant for her use and occupancy absent an agreement to that effect or an ouster of the plaintiff (*see Jemzura v Jemzura*, 36 NY2d 496, 503 [1975]; *Degliuomini v Degliuomini*, 12 AD3d 634, 635 [2004]; *Goldberg v Ochman*, 143 AD2d 255, 258 [1988]). The evidence did not support a finding that the appellant ousted the plaintiff or otherwise excluded him from exercising his rights with respect to the real property, nor did the referee make such a determination (*see Corsa v Biernacki, supra*). Accordingly, the court should have rejected the referee's finding that the appellant was liable to the plaintiff for the value of her use and occupancy of the premises.

Similarly, the evidence failed to substantially support the referee's finding that the appellant should be held liable for all outstanding water and sewer charges, and these expenses should instead be divided equally between the plaintiff and the appellant under the circumstances of this case.

The appeal from that portion of the interlocutory judgment which confirmed the referee's finding that the appellant alone should satisfy any liens against her late husband has been rendered academic, since the parties indicated at the oral argument of this matter that the closing on the real property went forward without the need to satisfy any such liens.

The parties' remaining contentions are without merit. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.