■ CHRISTINE DEGLIUOMINI, Appellant-Respondent, v BEATRICE DEGLIUOMINI, Respondent-Appellant. EDWARD HAROLD KING, Nonparty Respondent. [850 NYS2d 115]—

In an action, inter alia, to partition real property, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated February 10, 2005, as denied that branch of her motion which was to reject that portion of a referee's report (King, R.), dated June 14, 2004, which, after a hearing, recommended an award in favor of the defendant in the sum of $199,291.98, represent-

ing reimbursement for one half of the mortgage payments and real estate taxes paid by the defendant's corporation with respect to the subject property, directed that the referee's fee be shared equally by the parties and, in effect, fixed her half of the referee's fee at $35,271.77, and the defendant cross-appeals, as limited by her brief, from so much of the same order as, in effect, denied those branches of her cross motion which were to reject that portion of the referee's report which recommended that she not be awarded any reimbursement for repairs, utility expenses, and insurance with respect to the subject property, and to confirm that portion of the referee's report which recommended an award to her of $16,543.08, representing reimbursement for one half of the real estate taxes paid by her after December 12, 2002, directed that the referee's fee be shared equally by the parties and, in effect, fixed her half of the referee's fee at $35,271.77, (2) the defendant appeals, as limited by her brief, from so much of an interlocutory judgment of the same court dated April 13, 2005, as, upon the order dated February 10, 2005, is in favor of the referee and against her in the principal sum of $35,271.77, (3) the defendant appeals from an order of the same court (Martin, J.) dated September 9, 2005, which denied her motion, among other things, to hold the plaintiff in default of certain "terms of sale" for the subject property, and (4) the plaintiff appeals, as limited by her brief, from so much of an order of the same court (Martin, J.) dated February 21, 2006, as denied those branches of her motion which were for leave to renew her opposition to the defendant's prior motion for summary judgment dismissing her cause of action for an accounting of the rents of the subject property, which had been granted in a prior order of the same court (Mason, J.) dated July 10, 2000, and for leave to reargue, and the defendant cross-appeals, as limited by her brief, from so much of the same order as, upon granting that branch of her motion which was for the release of the proceeds of the sale of the subject property, directed that certain proceeds be held in escrow.

Ordered that the cross appeal from so much of the order dated February 10, 2005, as, in effect, fixed the defendant's half of the referee's fee at $35,271.77, is dismissed, without costs or disbursements, as that portion of the order was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the appeal from so much of the order dated February 21, 2006, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from the denial of reargument (see Bellantoni v Kelligrew, 26 AD3d 401 [2006]); and it is further,

Ordered that the order dated February 10, 2005 is modified, on the law, (1) by deleting the provision thereof, in effect, fixing the plaintiff's half of the referee's fee at $35,271.77, and (2) by deleting the provision thereof, in effect, denying that branch of the defendant's cross motion which was to confirm that portion of the referee's report which recommended an award of $16,543.08, representing reimbursement for one half of the real estate taxes paid by her after December 12, 2002, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated February 10, 2005, is affirmed insofar as reviewed, without costs or disbursements, and that portion of the interlocutory judgment which is in favor of the referee and against the plaintiff in the principal sum of $35,271.77 is vacated; and it is further,

Ordered that the interlocutory judgment dated April 13, 2005 is reversed insofar as appealed from by the defendant, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the order dated September 9, 2005 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated February 21, 2006 is affirmed insofar as reviewed, without costs or disbursements.

In 1990 the plaintiff Christine Degliuomini, and the defendant Beatrice Degliuomini, who are sisters-in-law, became tenants in common with respect to the subject commercial property (hereinafter the premises) when it was deeded to them by their respective husbands. The defendant then began to conduct the business of her wholly-owned corporation at the premises. While the plaintiff never operated a business at the premises, her husband once did, but stopped doing so when a dispute arose between him and the defendant's husband.

In 1999 the plaintiff commenced the instant action against the defendant seeking, among other things, a partition of the premises. Subsequently, in an order dated July 10, 2000 (hereinafter the reference order), the Supreme Court, inter alia, appointed a referee to hear and report on the amount that the plaintiff owed the defendant for certain costs that she had incurred with respect to the premises since 1990.

In a report dated June 14, 2004, the referee Edward Harold King, who had conducted a hearing, recommended that the defendant be reimbursed for one half of certain payments that her corporation made on her behalf with respect to the premises. Specifically, the referee recommended that the defendant be reimbursed for one half of the payments that were made toward

real estate taxes and a mortgage on the premises, but not for payments toward repairs, insurance, or utilities. The referee also recommended that "upon the submission by affidavit with appropriate submissions," the defendant be reimbursed for any payments that she or her corporation made toward real estate taxes after December 12, 2002.

In an order dated February 10, 2005, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to reject that portion of the referee's report which recommended an award in favor of the defendant in the sum of $199,291.98, representing reimbursement for one half of the mortgage payments and real estate taxes paid by the defendant's corporation with respect to the subject property. In addition, the Supreme Court directed that the referee's fee be shared equally by the parties, and, in effect, fixed that fee at $70,543.54. Although the defendant provided documentation showing that her corporation had made certain payments after December 12, 2002 toward real estate taxes, the court did not award the defendant any reimbursement for those payments.

Contrary to the plaintiff's contention, the Supreme Court correctly denied that branch of her motion which was to reject that portion of the referee's report which recommended an award in favor of the defendant in the sum of $199,291.98, representing reimbursement for one half of the mortgage payments and real estate taxes paid by the defendant's corporation with respect to the subject property, as the referee's determination that she was entitled to such reimbursement is supported by the record (*see Frater v Lavine*, 229 AD2d 564 [1996]). Absent an ouster, tenants-in-common equally bear the costs incurred in maintaining the property (*see Burrofato v Cretella*, 108 Misc 2d 203, 206 [1981]; *cf. Kwang Hee Lee v Adjmi 936 Realty Assoc.*, 34 AD3d 646, 648 [2006]). The evidence at the hearing supported the referee's finding that the plaintiff, who failed to establish an ouster, was responsible for one half of the payments toward the real estate taxes and the mortgage (*see Corsa v Biernacki*, 2 AD3d 388, 389 [2003]; *Freigang v Freigang*, 256 AD2d 539, 539-540 [1998]). Furthermore, since the referee recommended that the defendant be reimbursed for one half of the real estate taxes paid by her corporation after December 12, 2002, and since the defendant satisfactorily established that $33,086.16 had been paid after that date toward real estate taxes, the Supreme Court should have awarded her an additional $16,543.08.

In addition, contrary to the defendant's contention, the Supreme Court also correctly denied those branches of her cross motion which were to reject that portion of the referee's report

which recommended that she not be awarded any reimbursement for repairs, utility expenses, and insurance with respect to the subject property, as the referee's determination that she was not entitled to such reimbursement is supported by the record (*see Frater v Lavine*, 229 AD2d at 564). The evidence at the hearing supported the referee's finding that the defendant failed to establish that certain repairs were necessary to protect or preserve the premises (*see Frater v Lavine*, 229 AD2d at 564; *Wawrzusin v Wawrzusin*, 212 AD2d 779, 780 [1995]; *Bailey v Mormino*, 6 AD2d 993 [1958]). Furthermore, an action for partition is "equitable in nature" (*Berlin v Wojnarowski*, 32 AD3d 810, 811 [2006] [internal quotation marks omitted]), and the evidence supported the referee's finding that it would be inequitable to require the plaintiff to contribute toward the cost of the utilities, from which the defendant's corporation benefitted. Moreover, since the testimony of the defendant's insurance agent was stricken when the plaintiff was deprived of an opportunity to cross-examine him, the evidence supported the referee's finding that the defendant failed to establish her entitlement to reimbursement for insurance premiums.

The Supreme Court properly required each of the parties to pay one half of the referee's fee (*see H & Y Realty Co. v Baron*, 193 AD2d 429, 430 [1993]). However, we are unable on the record before us to ascertain the basis of the Supreme Court's determination as to the amount of the referee's fee. Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and a new determination thereafter on the issue of the amount of the referee's fee to be awarded.

The parties' remaining contentions are without merit. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.