LILLETH McINTOSH, Appellant, v WINSTON McINTOSH, Respondent. [872 NYS2d 490]—

In an action for the partition of real property, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Yablon, Ct. Atty. Ref.), dated March 9, 2007, as, after a hearing, awarded her the sum of only $96,350 of the $218,000 profit from the sale of the property.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

A tenant in common "has the right to take and occupy the whole of the premises and preserve them from waste or injury, so long as he or she does not interfere with the right of [the other tenant] to also occupy the premises" (*Jemzura v Jemzura*, 36 NY2d 496, 503 [1975]). Mere occupancy alone by one of the tenants does not make that tenant liable to the other tenant for use and occupancy absent an agreement to that effect or an ouster (*see Misk v Moss*, 41 AD3d 672 [2007]; *Degliuomini v Degliuomini*, 12 AD3d 634 [2004]). Here, the plaintiff failed to establish that she was ousted from the property. Accordingly, the Court Attorney Referee properly found that the defendant

was entitled to a credit for one-half of the payments made for maintenance, upkeep, and repair of the premises, including mortgage and insurance (*see Kwang Hee Lee v Adjmi 936 Realty Assoc.*, 34 AD3d 646 [2006]; *Corsa v Biernacki*, 2 AD3d 388 [2003]), and the plaintiff was entitled to one half of the amount of rent the defendant received (*see Degliuomini v Degliuomini*, 12 AD3d 634 [2004]).

The plaintiff is not entitled to a new hearing based on the alleged untimeliness of the Court Attorney Referee's decision, as the plaintiff never sought a new hearing on this ground prior to the filing of the decision (*see* CPLR 4319; *Cooper v Cooper*, 52 AD3d 429 [2008]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.