■ STEPHEN BRADY, Appellant, v KAREN VARRONE, Respondent. [884 NYS2d 175]—

In an action for the partition and sale of real property, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), dated February 28, 2008, as granted that branch of the defendant's motion which was to disaffirm so much of a referee's report as recommended that the plaintiff be awarded a credit in the sum of $34,942.95 for overpayment of carrying expenses on the property from August 1994 to April 5, 2001, denied that branch of his cross motion which was to confirm that portion of the report, granted that branch of the defendant's motion which was to confirm so much of the referee's report as recommended that the defendant be awarded a credit for repairs, upkeep, and water charges on the property, denied that branch of his cross mo-

tion which was to disaffirm that portion of the report, and denied the plaintiff's application for an award of costs pursuant to CPLR 8302 (a) (2) and 8303 (a) (3), and (2) so much of an interlocutory judgment of the same court entered July 14, 2008, as, upon the order, in effect, awarded the plaintiff the sum of $0 for the overpayment of carrying expenses on the property from August 1994 to April 5, 2001, awarded the defendant a credit in the total sum of $2,113.07 for repairs, upkeep, and water charges on the property, and awarded the plaintiff the sum of $0 for costs pursuant to CPLR 8302 (a) (2) and 8303 (a) (3).

Ordered that the appeal from the order is dismissed, as it was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the interlocutory judgment is modified, on the law and the facts, (1) by deleting the provision thereof awarding the plaintiff the sum of $0 for overpayment of carrying expenses on the property from August 1994 to April 5, 2001, and substituting therefor a provision awarding the plaintiff a credit in the sum of $34,942.95 for overpayment of carrying expenses on the property from August 1994 to April 5, 2001, and (2) by deleting the provision thereof awarding the defendant a credit in the sum of $664.24 for water charges and substituting therefor a provision awarding the defendant the sum of $506.85 for water charges; as so modified, the interlocutory judgment is affirmed insofar as appealed from, with costs payable to the plaintiff, and the order is modified accordingly.

In July 1994 the plaintiff and the defendant, who is his sister, along with the defendant's husband, purchased the subject real property. The deed pursuant to which they took title to the property did not specify their respective interests in the property. In January 2000 the defendant and her husband divorced, and in April 2001 the plaintiff, the defendant, and the defendant's ex-husband conveyed the premises to the plaintiff and the defendant. The 2001 deed specified that the plaintiff would have a one-third ownership interest in the property and that the defendant would have a two-thirds interest.

The plaintiff moved out of the house in April 2002, and commenced this action to partition and sell the property in December 2005, predicating his claim on his interest in the premises pursuant to the 2001 deed. The Supreme Court granted the plaintiff's motion for summary judgment on the cause of action for partition, and appointed a referee to hear and report on the rights, shares, and interest that the various parties had in the property, and to take into account any income earned, and costs and expenses incurred, in connection with the

property. The referee found that the property should be sold, and recommended that the plaintiff should receive one third of the proceeds of the sale. The referee further found that the plaintiff had paid one half of the down payment, as well as one half of the mortgage payments during the period from the initial purchase of the property in August 1994 up to and beyond the conveyance of the property on April 5, 2001. On this basis, the referee recommended that the plaintiff should be credited with payments he made in excess of his one-third interest in the premises from August 1994 to April 5, 2001, in the total amount of $34,942.95. The Supreme Court disaffirmed this recommendation, reasoning that the reference was predicated on the parties' title pursuant to the 2001 deed, and did not extend to any claims that had accrued before then, but otherwise confirmed the report of the referee.

Contrary to the determination of the Supreme Court, the plaintiff's recovery of payments, in excess of his interest in the property, that he made during the period prior to the tender of the 2001 deed was not foreclosed by the terms of the order of reference. In addition to directing the referee to ascertain the respective rights, shares, and interests of the parties, the order of reference required the referee to "take an account" of the costs and expenses incurred, and income earned, in connection with the parties' ownership of the property. This directive was sufficient to encompass the plaintiff's claims with respect to the period prior to the conveyance of the 2001 deed.

"[P]artition is an equitable remedy in nature and Supreme Court has the authority to adjust the rights of the parties so each receives his or her proper share of the property and its benefits" (*Hunt v Hunt*, 13 AD3d 1041, 1042 [2004]). Expenditures made by a tenant in excess of his or her obligations may be a charge against the interest of a cotenant (*see Worthing v Cossar*, 93 AD2d 515, 517 [1983]). These include acquisition payments, such as down payments and mortgage payments (*see Quattrone v Quattrone*, 210 AD2d 306, 307 [1994]; *Vlcek v Vlcek*, 42 AD2d 308, 311 [1973]). It is undisputed that the plaintiff paid one half of the down payment, and that, from August 1994 through at least April 5, 2001, the plaintiff paid one half of the mortgage payments, even though he held only a one-third interest in the property. The referee correctly concluded, therefore, that the plaintiff was entitled, in equity, to a credit for the sums he paid in excess of his interest, beginning in August 1994.

The Supreme Court should have disaffirmed the referee's report to the extent that it credited the defendant the sum of $664.24 for water charges, and instead awarded the defendant a

credit in the amount of $506.85. The allocation of water and sewer charges in a partition action is a function of the particular circumstances of the case (*see Misk v Moss*, 41 AD3d 672, 673 [2007]). Here, both parties received the benefit of the rental income during the time that a portion of the property was rented and, therefore, should pay the costs incurred in connection with that rental, including the water charges. During the period when only the defendant occupied the premises, from November 2003 through February 2004, she alone should bear the water charges. The defendant is entitled to a credit, therefore, in the sum of $506.85, which is the amount equal to one third of the water charges for the other months.

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.