In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated November 10, 2010, which, upon a decision of the same court dated October 29, 2010, made after a hearing, granted the motion of nonparty Michael Cardello III the court-appointed Referee, to compel the payment of a fee for his services, and directed the plaintiff to pay Michael Cardello III the sum of $19,126.78 as a fee for his services.
Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to pay Michael Cardello III the sum of $19,126.78 as a fee for his services, and substituting therefor a provision directing the plaintiff to pay Michael Cardello III the sum of $9,000 as a fee for his services; as so modified, the order is affirmed, without costs or disbursements.
A referee appointed to hear and determine an issue has all the powers of the court in performing a like function, including entertaining the posttrial motions pursuant to CPLR article 44 (see CPLR 4301, 4318; Muir v Cuneo, 267 AD2d 439, 440 [1999]). Additionally, a referee may be compensated at the rate fixed by the Supreme Court in the order of reference for the performance of those duties authorized by that order (see CPLR 8003 [a]). Here, the order of reference, which was entered upon *995 the consent of the parties, authorized the Referee to hear and determine the accounting of the defendant in connection with the proceeds of the refinancing of certain real property, and provided that the Referee was to be compensated at the rate of $300 per hour. Contrary to the plaintiff’s contentions, the Supreme Court properly determined that the Referee was entitled to be compensated at the $300 hourly rate set forth in the order of reference for the time that he expended in considering the plaintiffs motion pursuant to CPLR 4404 (b) to set aside his decision.
However, the time spent by the Referee in connection with settlement negotiations and the closing on the sale of the subject real property, for which he claimed $300 per hour, was not within the scope of the order of reference (see CPLR 4311; First Data Merchant Servs. Corp. v One Solution Corp., 14 AD3d 534, 535 [2005]). Consequently, the Supreme Court improperly determined that the Referee was entitled to be compensated for those services at the $300 hourly rate set forth in the order of reference, since that additional work was not authorized by the order of reference, and the plaintiff never consented in writing to compensate the Referee at that rate (see CPLR 8003 [a]).
Moreover, the Referee did not meet his burden of establishing the reasonableness of the number of hours expended for his services contemplated by the order of reference or for his motion to compel the payment of a fee for his services (see Diaz v Audi of Am., Inc., 57 AD3d 828, 831 [2008]; Matter of Gamache v Steinhaus, 7 AD3d 525, 527 [2004]; Gutierrez v Direct Mktg. Credit Servs., 267 AD2d 427, 428 [1999]; Matter of Rahmey v Blum, 95 AD2d 294, 300-301 [1983]). The accounting proceeding also did not involve any novel or complex issues. As our discretionary authority to award a fee for services performed as a referee is as broad as that of the trial court (see Dankner v Steefel, 47 AD3d 867, 868 [2008]), and the award here was made on a fully developed record, we exercise our discretion and modify the order to award the Referee the sum of $9,000 as a fee for his services.
The plaintiff’s remaining contentions are without merit. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.