In an action to impose a constructive trust upon certain real property and for an accounting, the defendant appeals from a *996 judgment of the Supreme Court, Nassau County (Lally, J.), dated November 10, 2010, which, upon, among other things, a decision of the same court dated May 29, 2008, made after a nonjury trial on the issue of liability, and a decision of the same court (Cardello III, R), dated January 16, 2009, made after a nonjury trial on the issue of damages on the cause of action for an accounting, is in favor of the plaintiff and against her in the total sum of $120,893, and the plaintiff cross-appeals from the same judgment on the ground of inadequacy.
Ordered that the judgment is affirmed, without costs or disbursements.
In reviewing a determination made after a nonjury trial, this Court’s power to review the evidence is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, bearing in mind that due regard must be given to the trial court, which was in a position to assess the evidence and the credibility of the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Parr v Ronkonkoma Realty Venture I, LLC, 65 AD3d 1199, 1201 [2009]; Totonelly v Enos, 49 AD3d 710, 711 [2008]). We discern no reason to disturb the Supreme Court’s determination imposing a constructive trust in favor of the plaintiff upon one half of the interest in the subject real property, title to which is currently held solely in the defendant’s name (see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Ruiz v Meloney, 26 AD3d 485, 486 [2006]; Eickler v Pecora, 12 AD3d 635, 636 [2004]).
The defendant’s contention that the Supreme Court erred in considering certain evidence proffered by the plaintiff on the ground that the evidence had not been timely disclosed is unpreserved for appellate review in light of the defendant’s failure to make a timely objection to the evidence on this basis (see CPLR 4017; Kaygreen Realty Co. v IG Second Generation Partners, L.P., 68 AD3d 933, 934 [2009]; Zelaya v New York N.Y. Auto Body, Inc., 41 AD3d 594, 594 [2007]). Additionally, the defendant waived her right to contest the time period covered by the accounting, as she fully participated in the accounting proceeding before the Referee, did not raise this issue prior to or after the Referee issued his decision, and raised this issue for the first time on appeal (see Yuen v Kwan Kam Cheng, 69 AD3d 536, 537 [2010]; Morton v Brookhaven Mem. Hosp., 308 AD2d 566, 567 [2003]).
Contrary to the plaintiffs contentions, the facts warrant the Referee’s determination that the defendant was entitled to a credit for one half of the payments made by the defendant for *997 maintenance, upkeep, and repair of the subject premises, including mortgage and insurance, against the plaintiff’s share of both the rents generated by the real property and the proceeds of a refinance loan obtained on December 28, 2004. The parties at all relevant times have been de facto tenants-in-common, who each share in the rents and profits generated by the real property they own, and, absent an ouster of one of the tenants, equally bear the costs and expenses of maintaining that property (see McIntosh v McIntosh, 58 AD3d 814, 814-815 [2009]; Degliuomini v Degliuomini, 45 AD3d 626, 629 [2007]). The mere fact that a tenant enjoys exclusive use of a property held in common, without more, neither precludes reimbursement from a cotenant of expenditures concerning the property nor constitutes an “ouster” of a cotenant (McIntosh v McIntosh, 58 AD3d at 814; Freigang v Freigang, 256 AD2d 539, 540 [1998]). The plaintiff failed to establish that she was ousted from the subject property. Accordingly, the Referee’s determination should not be disturbed.
The parties’ remaining contentions are without merit. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.