# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**219**
**CA 13-01368**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

CHARLES COONEY, JR., EVELINE COONEY ELKERTON,
PLAINTIFFS-APPELLANTS,
FAY THIBEAULT AND JUDE PRIEST, PLAINTIFFS,

V                                    MEMORANDUM AND ORDER

PHILIP SHEPARD, DEFENDANT-RESPONDENT.

---

CARROLL & CARROLL LAWYERS, P.C., SYRACUSE (JOHN BENJAMIN CARROLL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Charles C. Merrell, J.), entered April 30, 2013. The order, among other things, denied in part the cross motion of plaintiffs Charles Cooney, Jr. and Eveline Cooney Elkerton for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking partition and sale of real property on Skaneateles Lake, as well as past rent and interest covering time that defendant occupied the property. The property, which includes a seasonal residence and a garage, is owned by plaintiffs and defendant as tenants in common. Defendant owns a 50% interest, and each plaintiff owns a 12.5% interest, in the property. In his answer, defendant asserted three counterclaims, the third of which was based on unjust enrichment, seeking reimbursement for money he expended on the property, including but not limited to money for taxes, repairs, maintenance and renovation expenses. As relevant to this appeal, plaintiffs-appellants (hereafter, plaintiffs) cross-moved for summary judgment seeking an order dismissing defendant's counterclaims against them, determining that defendant is liable to them for rent "for his sole use and occupation of the jointly owned premises" and directing partition and sale of the property.

Supreme Court granted the cross motion in part, dismissing the first and second counterclaims, and directing partition and sale of the property. In denying that part of the cross motion seeking summary judgment for past rent, the court determined that defendant was not liable to plaintiffs for rent because he did not exclude

plaintiffs, i.e., tenants in common, from the property.  In denying that part of the cross motion seeking summary judgment dismissing the third counterclaim, for unjust enrichment, the court determined that defendant was entitled to an increased percentage of the proceeds of the sale of the property as an offset for "property taxes and repairs," and stated that it would schedule an inquest to determine the amount of that offset.

Contrary to plaintiffs' contention, the court properly determined that defendant was not liable to them for the value of defendant's use and occupancy.  "[P]artition is an equitable remedy in nature and [the court] has the authority to adjust the rights of the parties so [that] each receives his or her proper share of the property and its benefits" (*Hunt v Hunt*, 13 AD3d 1041, 1042).  A tenant in common "has the right to take and occupy the whole of the premises and preserve them from waste or injury, so long as he or she does not interfere with the right of [the other tenants] to also occupy the premises" (*Jemzura v Jemzura*, 36 NY2d 496, 503).  "Mere occupancy alone by one of the tenants does not make that tenant liable to the other tenant[s] for use and occupancy absent an agreement to that effect or an ouster" (*McIntosh v McIntosh*, 58 AD3d 814, 814; *see Misk v Moss*, 41 AD3d 672, 673, *lv dismissed* 9 NY3d 946, *lv denied* 10 NY3d 704), both of which are absent here.

Contrary to plaintiffs' further contention, the court properly determined that defendant was entitled to be reimbursed for payments that he made for property taxes and repairs.  It is well settled that a tenant in common is entitled to be reimbursed for the share of the taxes paid by him for the benefit of other tenants in common (*see Worthing v Cossar*, 93 AD2d 515, 518).  Additionally, a tenant in common is entitled to be reimbursed for money expended in maintaining, repairing and improving the property, if such maintenance, repairs, and improvements were undertaken in good faith and were necessary to protect or preserve the property (*see Degliuomini v Degliuomini*, 45 AD3d 626, 628; *Worthing*, 93 AD2d at 518).  Under the circumstances here, we conclude that the court properly determined that plaintiffs were liable for the cost of repairs, with the amount to be determined at the inquest (*see Kwang Hee Lee v Adjmi 936 Realty Assoc.*, 34 AD3d 646, 648).

Entered:  June 20, 2014                        Frances E. Cafarell
                                               Clerk of the Court