■ TIMOTHY EDWARD KLEIN, as Administrator of the Estate of EDWARD T. KLEIN, Deceased, Respondent, v EILEEN T. DOOLEY, Appellant. [992 NYS2d 337]—

In an action, inter alia, to partition real property, the defendant appeals from an interlocutory judgment of the Supreme Court, Suffolk County (Pitts, J.), dated October 18, 2012, which, upon an order dated April 26, 2012, granting the plaintiff's motion to confirm a referee's report dated October 18, 2011, and denying her cross motion to reject the report, directed the sale of the subject property and distribution of the proceeds of the sale in accordance with the referee's recommendations.

Ordered that the interlocutory judgment is modified, on the law and the facts, by (1) deleting the provision thereof directing the distribution of proceeds to the plaintiff from the sale of the subject premises in the sum of $35,897.27, representing the reduction of the principal amount of the mortgage on the premises since the decedent's death, and (2) adding a provision thereto directing that the defendant is entitled to a credit for one-half of the payments made by her subsequent to the decedent's death until the sale of the subject premises for maintenance, upkeep, and repair of the premises, including payments made toward the mortgage, insurance, and property taxes; as so modified, the interlocutory judgment is affirmed, with costs to the defendant, the order dated April 26, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The Supreme Court erred in granting that branch of the plaintiff's motion which was to confirm that portion of the referee's report which recommended that all the amounts paid by the defendant for ordinary repairs, improvements, insurance, taxes, and mortgage interest with respect to the subject prop-

erty while she was the sole occupant of the property were her responsibility alone, and denying that branch of the defendant's cross motion which was to reject that portion of the referee's report. A tenant in common "has the right to take and occupy the whole of the premises and preserve them from waste or injury, so long as he or she does not interfere with the right of [the other tenant] to also occupy the premises" (*Jemzura v Jemzura*, 36 NY2d 496, 503 [1975]). Mere occupancy alone by one of the tenants does not make that tenant liable to the other tenant for use and occupancy absent an agreement to that effect or an ouster (*see Gamman v Silverman*, 98 AD3d 995 [2012]; *Misk v Moss*, 41 AD3d 672 [2007]; *Degliuomini v Degliuomini*, 12 AD3d 634 [2004]). Absent an ouster, tenants-in-common equally bear the costs incurred in maintaining the property (*see Degliuomini v Degliuomini*, 45 AD3d 626 [2007]). Here, the plaintiff failed to establish that the decedent's estate was ousted from the property merely because the plaintiff was unaware of the decedent's interest in the property until almost 12 years after the decedent's death. Accordingly, the defendant, as sole occupant of the property since the decedent's death, was entitled to a credit for one-half of the payments made by her subsequent to the decedent's death for maintenance, upkeep, and repair of the premises, including payments made toward the mortgage, insurance, and property taxes (*see McIntosh v McIntosh*, 58 AD3d 814 [2009]), and we remit the matter to the Supreme Court, Suffolk County, for a determination of the amount of such credit.

The defendant's remaining contentions are without merit. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.