*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    518277
_____

GRACE HEMMINGS GAPIHAN,
                    Appellant-
                    Respondent,

        v                                   MEMORANDUM AND ORDER

THOMAS H. HEMMINGS,
                    Respondent-
                    Appellant,
                    et al.,
                    Defendants.
_____


Calendar Date:   September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

                    _____


        Law Office of Arnold J. Ludwig, New York City (Jeffrey
Berke of counsel), for appellant-respondent.

        Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for
respondent-appellant.

                    _____


Devine, J.

        Cross appeals (transferred to this Court by order of the
Appellate Division, Second Department) from an order of the
Supreme Court (Knipel, J.), entered May 23, 2012 in Kings County,
which, in an action pursuant to RPAPL article 9, among other
things, partially granted the referee's motion to, among other
things, confirm the report of sale.

        Plaintiff and defendant Thomas H. Hemmings owned, as
tenants in common, an apartment building in Kings County and, in
December 2005, plaintiff commenced this action pursuant to RPAPL

article 9 seeking, among other things, the sale of the real property and an accounting. Plaintiff moved for summary judgment and Supreme Court issued an interlocutory judgment in September 2008 which, among other things, determined that actual partition of the property was not appropriate. The court directed that the property be sold at public auction and a referee was appointed to conduct the sale.[1] Plaintiff purchased the property at auction for $355,000 and the referee subsequently moved to confirm the final report, distribute the sale proceeds and terminate the reference. Plaintiff and Hemmings opposed the application. Supreme Court partially granted the referee's motion, prompting an appeal and cross appeal by plaintiff and Hemmings, respectively.[2]

Hemmings contends that the manner in which the referee conducted the sale of the property and the terms of the sale were inequitable, thereby requiring this Court to set the sale aside. In particular, Hemmings states that the referee exceeded his authority when he permitted plaintiff to close on the sale after the 60-day time limitation set forth in the interlocutory judgment. Although Supreme Court provided that the referee could give the purchaser up to 60 days to tender the full payment, it further stated that the referee could "allow any [p]urchaser such reasonable adjournments of closing of title . . . on such terms

---

[1]  After the referee moved for leave to conduct a private sale of the property without plaintiff's consent and plaintiff cross-moved to remove the referee, Supreme Court, among other things, partially granted the referee's motion. On plaintiff's appeal, this Court reversed that part of Supreme Court's order as granted the referee's motion due to the referee's lack of standing to seek any modification of the interlocutory judgment (80 AD3d 1138 [2011]).

[2]  A notice of appeal was filed by defendant Anthony J. Lamberti, who is the guardian of plaintiff's and Hemmings' mother. As Lamberti failed to file a brief, his appeal is deemed abandoned (see General Elec. Capital Corp. v Highgate Manor Corp., 69 AD3d 992, 993 n [2010]; Bergmann v State of New York, 281 AD2d 731, 732 n [2001]).

as to the [r]eferee may seem justified." This provision clearly authorized the referee to extend the time within which plaintiff was required to proceed to closing (see Tambasco v Pesce, 213 AD2d 821, 822 [1995]; see also Associates Fin. Servs. v Davis, 133 AD2d 601, 602 [1987], appeal dismissed 71 NY2d 889 [1988], lv denied 72 NY2d 802 [1988]). Nor do we discern any sort of "unfair or oppressive conduct" that would compel us to set aside the judicial sale of the building (Tambasco v Pesce, 213 AD2d at 822; see Morpurgo v Morpurgo, 77 AD3d 714, 715 [2010]; Ferguson v McLoughlin, 198 AD2d 161, 161 [1993]).

Turning to plaintiff's argument that the referee should have held a hearing to decide, among other matters, whether Hemmings' exclusive possession of the property served to, in effect, substantiate her ouster claim such that Supreme Court should have granted plaintiff's request for compensation for use and occupancy, we agree with Supreme Court's rejection of such claim. "The mere fact that a tenant enjoys exclusive use of a property held in common, without more, neither precludes reimbursement from a cotenant of expenditures concerning the property nor constitutes an 'ouster' of a cotenant" (Gamman v Silverman, 98 AD3d 995, 997 [2012] [citation omitted]; see McIntosh v McIntosh, 58 AD3d 814, 814 [2009]; Misk v Moss, 41 AD3d 672, 673 [2007], lv dismissed 9 NY3d 946 [2007], lv denied 10 NY3d 704 [2008]). Even if Hemmings, as plaintiff alleges, had exclusive use of the commonly held building, such degree of occupancy would not render Hemmings liable for all charges against the property, including, but not limited to, the payment for such purported exclusive use and occupancy that plaintiff demanded (see Borock v Fray, 220 AD2d 637, 638 [1995]; Johnston v Martin, 183 AD2d 1019, 1021 [1992]). While scant reference was made to Hemmings' alleged refusal to grant plaintiff access to the property, as the claim was unsupported by the proffer of competent evidence, plaintiff failed to establish her ouster claim (see Misk v Moss, 41 AD3d at 673; Corsa v Biernacki, 2 AD3d 388, 389 [2003]).

We find merit, however, in the parties' challenges to Supreme Court's allocation of the proceeds from the sale of the building and, in particular, the rental income that accrued during the entirety of the cotenancy. In a partition and sale

action of this nature, "an accounting of the income and expenses of the partitioned property is a necessary incident and should be had as a matter of right before entry of the interlocutory or final judgment and before any division of money between the parties" (McVicker v Sarma, 163 AD2d 721, 722 [1990]; see Donlon v Diamico, 33 AD3d 841, 842 [2006]).  Despite the express requirement in Supreme Court's interlocutory judgment that the referee conduct a hearing so that an accounting could be completed prior to the sale of the property, it does not appear that a hearing was held.  Inasmuch as the record is unclear with regard to the amount of rent that was charged to and collected from a tenant of an apartment unit in the building, we find that further exploration by the finder of fact on the issue of rental income is necessary.  Although Supreme Court awarded plaintiff "one-half the profits (total rents collected less expenses incurred) for the period from May 2009 until the sale in 2011," such award fails to account for plaintiff's entitlement to rental income from the time that the cotenancy was created in January 2004 to April 2009.  Further, the court improperly apportioned rent through the date of sale, rather than to the date that plaintiff closed on the sale months later.  As the parties were not afforded an "opportunity for a hearing where they could present proof to support their claim to a greater share of the net sale proceeds" or rental income, we must remit this matter for a hearing (McVicker v Sarma, 163 AD2d at 722).

As for Hemmings' cross appeal, we do not find any record support for his assertion that certain of plaintiff's expenditures to maintain the property, including the cost to replace the roof, exceeded her obligations as a tenant in common, thereby requiring the deduction of such costs from her award (see Brady v Varrone, 65 AD3d 600, 602 [2009]; Quattrone v Quattrone, 210 AD2d 306, 307 [1994]).  Moreover, while Hemmings challenges Supreme Court's award of referee fees — including the assessment of an additional $5,000 fee as against Hemmings due to his continuous motions seeking, among other things, to stay and, further, vacate the sale proceedings in which he actively participated — we do not agree that the court abused its discretion in making the award, given the protracted and contentious nature of this matter (see CPLR 8003 [a], [b]; Matter of Blake Terrace Assocs. v Sommers, 176 AD2d 394, 395 [1991]).

Finally, we have considered the balance of Hemmings' arguments, including his claim that the court erred in refusing to grant him $400,000 in property management fees, and find that they are lacking in merit and, as such, do not require discussion.

Peters, P.J., Lahtinen, Stein and Garry, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as ordered equal division of total rental income for the period from May 2009 until the sale of the property; matter remitted to the Supreme Court for a hearing and determination of plaintiff's and defendant Thomas H. Hemmings' equitable share of the rental income and net sale proceeds; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court