Citibank, N.A. v Dulfon (2019 NY Slip Op 02496)





Citibank, N.A. v Dulfon


2019 NY Slip Op 02496


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-12682
 (Index No. 39205/07)

[*1]Citibank, N.A., etc., respondent,
v
Peter Dulfon, et al., defendants; Howard B. Greenberg, etc., nonparty-appellant.


Howard B. Greenberg, New York, NY, nonparty-appellant pro se.
Kozeny, McCubbin & Katz, LLP (Reed Smith LLP, New York, NY [Zalika T. Pierre], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the court-appointed Referee, nonparty Howard B. Greenberg, appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 3, 2016. The order granted the appellant's motion to compel the payment of a fee for his services only to the extent of awarding him additional compensation of $950.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on real property and, in an order of reference dated October 7, 2008, the appellant was appointed as Referee to determine the amount due on the subject note and mortgage, among other things. The order of reference did not set forth the basis or method for determining the appellant's fees. In a judgment of foreclosure dated November 10, 2010, the appellant was appointed as Referee to sell the subject property at public auction, pay out of the proceeds of sale certain liens upon the property, execute a deed to the purchaser, and pay the amount due to the plaintiff and certain expenses out of the remaining proceeds. The judgment of foreclosure awarded fees to the appellant in the sum of $500 for such services. The appellant conducted the public auction of the subject property on July 29, 2016, wherein the property was sold to the highest bidder for $577,000.
Thereafter, the appellant moved to compel the payment of a fee for the services he performed as Referee on the ground that he spent 20.25 hours of work on the matter and had been paid the sum of only $550. The plaintiff opposed the motion on the ground that, inter alia, the fees sought were excessive. In an order dated November 3, 2016, the Supreme Court directed that the appellant be paid an additional $950, consisting of $500 for the computation of the amount due under the note and mortgage, minus the $50 he already received; a $250 cancellation fee for the plaintiff's adjournment of the foreclosure sale; and $250 for time spent on certain telephone calls.
Where, as here, an order of reference does not "determine the basis and method of computing the referee's fees and provide for their payment" (CPLR 4321[1]), a Referee is entitled to be paid $50 for each day spent working in the business of the reference, unless a different amount of compensation is fixed by the court or agreed upon by the parties in writing (see CPLR 8003[a]; NYCTL 1996-I Trust v Zarum, 292 AD2d 577, 577; Pittoni v Boland, 278 AD2d 396, 397; Al [*2]Moynee Holdings v Deutsch, 254 AD2d 443, 444; Green Point Sav. Bank v Miller, 233 AD2d 292, 295). However, the court may provide for the payment of additional compensation where the Referee renders unusual or exceptional services (see Gapihan v Hemmings, 121 AD3d 1397, 1400; Gamman v Silverman, 98 AD3d 994, 995; NYCTL 1996-I Trust v Zarum, 292 AD2d at 577; Matter of Blake Terrace Assoc. v Sommers, 176 AD2d 394, 395; see also CPLR 8003[b]).
Here, the fee awarded to the appellant was appropriate. Compensation for services the appellant rendered in connection with the sale of the property was directed in the judgment of foreclosure. In the order dated November 3, 2016, the Supreme Court provided compensation to the appellant for services rendered in connection with the order of reference, as well as additional compensation for the last-minute cancellation by the plaintiff of a scheduled auction of the property and for telephone conversations the appellant had with the court. The total sum of $500 awarded for the cancellation of the auction and telephone conversations exceeded the statutory rate (see CPLR 8003[a]), as well as the amount the appellant would have received at his typical hourly billing rate. The remainder of the services rendered were within the scope of the order of reference and judgment of foreclosure for which compensation was provided to the appellant. Although protracted, there is no indication that the delays affected the amount of work performed by the appellant or that the matter otherwise involved any complex or novel issues that would warrant additional compensation (see Gamman v Silverman, 98 AD3d at 995; cf. Gapihan v Hemmings, 121 AD3d at 1400; Matter of Blake Terrace Assoc. v Sommers, 176 AD2d at 395). Accordingly, the court providently exercised its discretion in rendering its fee award to the appellant.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court