Wilmington Sav. Fund Socy., FSB v Luiso (2024 NY Slip Op 06572)

Wilmington Sav. Fund Socy., FSB v Luiso

2024 NY Slip Op 06572

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-02120
 (Index No. 68145/18)

[*1]Wilmington Savings Fund Society, FSB, etc., plaintiff, 
v
Joseph Luiso, etc., et al., defendants, 2005 Residential Trust 3-2, respondent, Cornerstone Capital Lending, LLC, appellant.

Tartaglia Law Group LLC, Rye Brook, NY (Daniel D. Tartaglia of counsel), for appellant.
Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cornerstone Capital Lending, LLC, appeals from a judgment of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated August 1, 2022. The judgment, upon an order of the same court also dated August 1, 2022, granting the motion of the defendant 2005 Residential Trust 3-2 to confirm a referee's report and for a judgment distributing the surplus monies from the foreclosure sale of the subject property in accordance therewith, confirmed the referee's report and directed the Westchester County Commissioner of Finance to distribute those surplus monies in accordance therewith.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced the instant action to foreclose a mortgage against the defendants Joseph Luiso, Cornerstone Capital Lending, LLC (hereinafter Cornerstone), and 2005 Residential Trust 3-2 (hereinafter Residential Trust), among others. The action resulted in an order and judgment of foreclosure and sale issued on June 27, 2019. On October 30, 2019, a referee reported that the sale of the subject premises had resulted in a surplus in the sum of $405,207.32.
A hearing was scheduled to be held before the referee on July 19, 2021, regarding the distribution of the surplus. The referee reported that the "hearing was first adjourned on consent to August 2, 2021 and thereafter agreed to be taken on papers by the parties." Residential Trust submitted evidence that it was entitled to collect compound interest pursuant to a home equity line of credit agreement.
In a report dated January 13, 2022, the referee found that Residential Trust and Cornerstone both held subordinate mortgages on the subject property but that Residential Trust's mortgage "was senior to all other mortgage[s] and other liens on the Premises." The referee found that Residential Trust was entitled to $395,293.65 of the surplus monies and that Cornerstone was entitled to the remainder.
On March 28, 2022, Residential Trust moved to confirm the referee's report and for [*2]a judgment distributing the surplus monies in accordance therewith. Cornerstone opposed the motion on the grounds that the referee had miscalculated the amount due to Residential Trust by failing to take the statute of limitations into account and that Residential Trust's loan documents did not provide for compound interest.
In an order dated August 1, 2022, the Supreme Court granted Residential Trust's motion. In a judgment dated August 1, 2022, the court, upon the order granting Residential Trust's motion, confirmed the referee's report and directed the Westchester County Commissioner of Finance to distribute the surplus monies in accordance therewith. Cornerstone appeals.
On appeal, Cornerstone contends that the referee and the Supreme Court erred by permitting Residential Trust to collect compound interest because General Obligations Law § 5-527 precludes the application of compound interest on Residential Trust's mortgage loan. Residential Trust correctly contends that Cornerstone waived its right to contest the referee's calculation on this ground, as Cornerstone fully participated in the calculation proceeding before the referee, did not raise this issue prior to or after the referee issued his report, and raised this issue for the first time on appeal (see Gamman v Silverman, 98 AD3d 995; Shen v Shen, 21 AD3d 1078, 1079).
Accordingly, we affirm the judgment.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court